PEOPLE v BLYTHE

PEOPLE v LUKE

Docket Nos. 68461, 69292. Argued May 5, 1983 (Calendar Nos. 13, 14).
—Decided October 17, 1983.

Shelby A. Blythe pled guilty in the St. Clair Circuit Court,
Halford I. Streeter, J., of armed robbery, and was sentenced to
7-1/2 to 30 years imprisonment. The Court of Appeals, Bash-
ara, P.J., and J. H. Gillis and V. J. Brennan, JJ., affirmed
(Docket No. 53508). The defendant appeals, claiming that the
phrase "any term of years" in the armed robbery statute,
which authorizes a sentence "for life or for any term of years",
refers to the mandatory minimum sentence to be imposed and
that because the trial court failed to advise him of the mini-
mum sentence at the plea proceeding his conviction should be
reversed. Alternatively, he claims that his conviction should be
set aside because he was denied effective assistance of counsel.

Rodney M. Luke pled guilty in the Recorder's Court of Detroit,
Justin C. Ravitz, J., of armed robbery, and was sentenced to six
months to four years imprisonment. The Court of Appeals,
MacKenzie, P.J., and Beasley, J. (Bronson, J., dissenting), af-
firmed in an opinion per curiam (Docket No. 57581). The people
appeal, arguing that the phrase "any term of years" requires a
minimum sentence of a year and a day.

In a unanimous opinion by Justice Boyle, the Supreme Court
*held:*

The phrase "for life or for any term of years" in the armed
robbery statute refers only to the maximum sentence which
may be imposed and does not include a mandatory minimum
sentence.

1. The case which held that the phrase "for life or for any
term of years" prescribed a maximum term of life and a

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 21 Am Jur 2d, Criminal Law § 536.
   67 Am Jur 2d, Robbery § 78.
[2] 21 Am Jur 2d, Criminal Law §§ 28, 29.

mandatory minimum "any term of years" which must be construed to be not less than two years is inapposite because it was decided before the enactment of a valid indeterminate sentence law in 1903. That the Legislature viewed "life or any term of years" as describing only the maximum sentence is shown by its treatment of the phrase in the indeterminate sentence law. Adoption of the construction that "any term of years" refers to a minimum sentence of two years leads to anomalous results in the armed robbery statute and in the application of the probation statute to numerous crimes.

2. The view that "any term of years" refers to a mandatory minimum sentence which must be communicated to a defendant when taking his plea of guilty, and that the mandatory minimum is a year and a day, is rejected. While the proposition that the term "years" may be applied and limited to the term "year" is reasonable, it does not clarify whether the entire phrase refers to the maximum or to a mandatory minimum. Proponents of the "year and a day" construction postulate that the court rule on pleas of guilty requires that the defendant be advised of a *prison* sentence and that there can be no prison term for a defendant serving one year or less. However, the statute provides that commitment for a maximum of one year or less shall be to the county jail or Detroit House of Correction and thus the place of commitment depends on the maximum sentence imposed, not the minimum. The fact that the offense is a felony does not require the conclusion that a minimum sentence must be imposed. A felony is an offense for which the offender, upon conviction, *may* be punished by imprisonment for more than one year. The offense is a felony so long as the maximum sentence is more than one year, regardless of the mandatory minimum. Moreover, an offense can be a felony regardless of any maximum or mandatory minimum sentence if the offense is expressly designated by law as a felony. In addition, the "year and a day" construction, when considered in connection with the application of the probation statute to crimes punishable by life or for any term of years, leads to anomalous results.

3. In *Luke,* the minimum sentence of six months was proper because there is no mandatory minimum sentence for the non-aggravated offense of armed robbery. In *Blythe,* the defendant was informed of the maximum sentence and the unavailability of probation. He was not required to be informed of a minimum sentence because there is no mandatory minimum. On his claim of ineffective assistance of counsel, Blythe failed to pro-

vide a factual record in support, and the Court has no basis for considering it.

Affirmed.

111 Mich App 366; 314 NW2d 624 (1981) affirmed.

115 Mich App 223; 320 NW2d 350 (1982) affirmed.

1. ROBBERY — ARMED ROBBERY — SENTENCES.

The phrase "for life or for any term of years" in the armed robbery statute refers to the maximum sentence which may be imposed and does not include a mandatory minimum sentence for the non-aggravated offense (MCL 750.529; MSA 28.797).

2. CRIMINAL LAW — SENTENCES — FELONIES.

An offense is a felony so long as the maximum sentence is more than one year regardless of any mandatory minimum or where it is expressly designated a felony by law, regardless of any minimum or maximum sentence (MCL 761.1[g]; MSA 28.843[g]).

3. ROBBERY — ARMED ROBBERY — SENTENCES.

A conviction of armed robbery did not require the imposition of a minimum sentence of a year and a day because there is no mandatory minimum sentence for the non-aggravated offense (MCL 750.529, 761.1[g]; MSA 28.797, 28.843[g]).

4. ROBBERY — ARMED ROBBERY — PLEAS OF GUILTY.

Reversal of a conviction of armed robbery based on a plea of guilty was not required for failure to advise the defendant of a minimum sentence because there is no mandatory minimum for the non-aggravated offense (MCL 750.529; MSA 28.797; GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people in *Blythe.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people in *Luke.*

State Appellate Defender (by *Chari C. Grove)* for defendant Blythe.

*Irving Tukel* for defendant Luke.

BOYLE, J. In these consolidated cases, we granted leave to determine whether the phrase "for life or for any term of years" in the armed robbery statute refers to the mandatory minimum sentence to be imposed.

Defendant Luke pled guilty to a charge of armed robbery and was sentenced to imprisonment for a term of six months to four years. Under MCL 750.529; MSA 28.797, armed robbery is punishable by imprisonment "for life or for any term of years". The people argued in the Court of Appeals that the language "any term of years" requires a minimum sentence of at least a year and a day. On April 8, 1982, the Court of Appeals affirmed the sentence imposed by the trial court. 115 Mich App 223; 320 NW2d 350 (1982). The people then filed the instant request for review.

Defendant Blythe pled guilty to a charge of armed robbery and was sentenced to imprisonment for a term of 7-1/2 to 30 years. Blythe argued in the Court of Appeals that the language "any term of years" refers to the mandatory minimum sentence for armed robbery and that the failure of the trial court to advise him of the minimum sentence at the plea proceeding constitutes a violation of GCR 1963, 785.7(1)(d), warranting a reversal of his conviction. Alternatively Blythe claimed that his guilty plea should be set aside on the basis of ineffective assistance of counsel. Blythe's plea-based conviction and sentence were affirmed by the Court of Appeals on November 17, 1981. 111 Mich App 366; 314 NW2d 624 (1981). Blythe now requests review.

We conclude that the phrase "for life or for any term of years" in the armed robbery statute refers to the maximum sentence to be imposed and that this provision does not include a mandatory minimum sentence.[1] Thus, the sentence of six months to four years given to Luke was within appropriate sentencing limits. The failure to advise Blythe of a mandatory minimum for the offense of armed robbery was not error.

In *People v Burridge,* 99 Mich 343; 58 NW 319 (1894), we held that, where a statute provides imprisonment for life or for any term of years, the minimum sentence imposed shall not be less than two years. In *Burridge,* we rejected a sentence of nine months where that sentence represented both the maximum and the minimum. We conclude, however, that *Burridge* is inapposite to resolution of the question before us since it was decided prior to enactment by the Legislature in 1903 of the indeterminate sentencing law. 1903 PA 136, now MCL 769.9; MSA 28.1081.

In fact, the language of the first valid indeterminate sentence statute, 1903 PA 136, indicates that the Legislature impliedly rejected the *Burridge* two-year interpretation. The Legislature stated in the course of outlining the procedure to be followed by the trial court in fixing an indeterminate sentence that "in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix the maximum sentence". Thus, in its treatment of sentencing requirements in connection with a crime punishable by life or any term of years, the Legislature viewed that phrase as related only to the maximum sentence. This

---

[1] The only minimum sentence limit to be imposed with respect to the crime of armed robbery is that it is a non-probationable offense. MCL 771.1(1); MSA 28.1131(1).

particular proviso contained no requirement that the court set a minimum sentence of two years or a year and a day. This strongly suggests that the Legislature itself viewed "life or any term of years" as a description of the maximum sentence only.

The inapplicability of the *Burridge* two-year minimum required for "any term of years" is further demonstrated by the Legislature's amendment of the armed robbery statute to provide for a specific minimum sentence of two years if an aggravated assault or serious injury is inflicted in the course of the robbery. MCL 750.529; MSA 28.797. Application of the *Burridge* interpretation would lead to the anomalous result of identical minimum sentences for armed robbery and for the aggravated offense. This reading makes the armed robbery statute both illogical and redundant. See *People v Harper,* 83 Mich App 390, 396, fn 1; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1979).

Application of the *Burridge* interpretation results in another anomaly when its interaction with the probation statute, MCL 771.1; MSA 28.1131, is considered. The Legislature has designated numerous criminal acts as "punishable by life * * * or for any term of years".[2] Of these crimes, murder,

---

[2] Assault with intent to commit murder, MCL 750.83; MSA 28.278, assault with intent to rob while armed, MCL 750.89; MSA 28.284, setting fire to mines and mining material, MCL 750.80; MSA 28.275, attempted murder, MCL 750.91; MSA 28.286, second-degree murder, MCL 750.317; MSA 28.549, death due to explosives, MCL 750.327; MSA 28.559, death due to explosives with the intent to destroy a building or object, MCL 750.328; MSA 28.560, perjury committed in court in a trial for a capital crime, MCL 750.422; MSA 28.664, poisoning food, drink, etc., with the intent to kill or injure, MCL 750.436; MSA 28.691, attempt to wreck railroad trains or endanger the safety of passengers, MCL 750.511; MSA 28.779, detention by force of a railroad train by means of intimidation for the purpose of robbing, MCL 750.517; MSA 28.785, first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), armed robbery, MCL 750.529; MSA 28.797, and bank robbery, MCL 750.531; MSA 28.799.

armed robbery, and first-degree criminal sexual conduct are the only ones which the probation statute designates as offenses for which probation is not available. MCL 771.1(1); MSA 28.1131(1). Yet if the *Burridge* rule is applied, *all* of the crimes listed in the margin carry a mandatory minimum sentence of two years. Thus, any defendant convicted of one of these crimes must receive a sentence of at least two years. Such an interpretation renders meaningless the specific exclusion of murder and robbery in the probation statute.

The majority of courts considering the instant question have concluded that there is no mandatory minimum sentence for statutes stating that the offense is punishable for life or "any term of years". See, *e.g., People v McKnight,* 72 Mich App 282; 249 NW2d 392 (1976), *lv den* 399 Mich 848 (1977). The contrary view posits that the language "any term of years" refers to a mandatory minimum sentence which must be communicated to a defendant pursuant to GCR 1963, 785.7(1)(d), and that the mandatory minimum is a year and a day. *People v Harper, supra; People v West,* 113 Mich App 1; 317 NW2d 261 (1982).

We reject this latter view, which is predicated on the following three propositions. First, the term "years" may be applied and limited to the term "year". MCL 8.3b; MSA 2.212(2); *Harper, supra,* p 397. While we accept this premise as eminently reasonable, we find that it does nothing to clarify whether the entire phrase in question relates to the mandatory minimum or to the maximum.

Second, proponents of the "year and a day" analysis postulate that GCR 1963, 785.7(1)(d) refers to the duty to advise of a "prison" sentence and that pursuant to MCL 769.28; MSA 28.1097(1) there can be no prison term for a defendant serv-

ing one year or less. *Harper,* p 397. A review of MCL 769.28; MSA 28.1097(1) reveals that housing in the state penal institution, as opposed to the county jail or Detroit House of Correction, is dependent upon the maximum sentence imposed, and thus, so long as the defendant is sentenced to a maximum of at least a year and a day, incarceration will be in prison, regardless of the sentence minimum.

Third, proponents of this view conclude that any " 'felony' means an offense for which the offender, upon conviction, may be punished by death or by imprisonment for *more* than one year". (Emphasis in original.) *Harper,* pp 397-398; MCL 761.1(g); MSA 28.843(g). This provision does not answer the question whether there is a mandatory minimum sentence for armed robbery; it merely defines a felony with reference to the potential punishment. An offense is a felony so long as the statutory maximum is for more than one year, regardless of the mandatory minimum.[3]

In addition, the "year and a day" analysis, when considered in connection with the probation statute, results in the same anomaly discussed above in connection with the *Burridge* "two-year" interpretation.

In sum, we reject the "year and a day" analysis, and we find instead that the language "for life or for any term of years" refers to the maximum sentence which may be imposed for armed robbery and that this statute does not include a mandatory minimum for the non-aggravated offense.[4]

---

[3] Moreover, an offense can be a felony regardless of the mandatory minimum or maximum if the offense is "expressly designated by law to be a felony". MCL 761.1(g); MSA 28.843(g).

[4] The mandatory minimum sentence for an armed robbery accompanied by aggravated assault or serious injury is, as specified in MCL 750.529; MSA 28.797, two years imprisonment.

Accordingly, there being no mandatory minimum sentence for armed robbery, the sentence imposed against defendant Luke was proper and is hereby affirmed.

Blythe was advised, pursuant to GCR 1963, 785.7(1)(d), of the maximum possible prison sentence and that he could not be placed on probation for the offense of armed robbery, and, accordingly, his sentence is affirmed.

Blythe further submits that his guilty plea should be set aside because his confession was coerced and because his trial counsel was ineffective in failing to move to suppress his confession.

Where the record made in connection with a defendant's plea proceeding does not factually support his claim of ineffective assistance of counsel, it is incumbent upon the defendant to move to set aside the plea and to make a separate record factually supporting this claim. *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973). Blythe having failed to provide record evidence for this claim, we have no basis for considering it.

The judgments of the Court of Appeals and the trial courts are affirmed in both cases. The motion to strike filed by the prosecution in *People v Blythe* is considered and is denied.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred with BOYLE, J.