## PEOPLE v CLARDY

Docket No. 68091. Submitted September 7, 1983, at Lansing.—Decided November 8, 1983.

Steven A. Clardy was convicted, on his plea of guilty, of armed robbery, Genesee Circuit Court, Thomas C. Yeotis, J. The defendant appealed, alleging that the trial court erred in (1) not explicitly stating on the record that there was no agreement by the court as to the possibility of a plea bargain or the possible sentence and (2) not informing him prior to imposing sentence that the minimum sentence for armed robbery was one year and one day. *Held:*

1. The failure of the trial court to explicitly state on the record that there was no agreement by the court as to the possibility of a plea bargain or the possible sentence was not error requiring reversal since it is not claimed that there was any plea bargain involving a sentence agreement.

2. The trial court did not err in not informing the defendant that the minimum sentence for armed robbery was one year and one day. The phrase "for life or for any term of years" in the statute on armed robbery refers to the maximum sentence to be imposed and does not include any mandatory minimum sentence.

Affirmed.

M. J. KELLY, J., concurred in a separate opinion expressing his thoughts on the present status of the Supreme Court's interpretation of the phrase "life or any term of years" in the statute on armed robbery.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 483, 484.

Judge's participation in plea bargaining negotiations as rendering accused's guilty plea involuntary. 10 ALR4th 689.

[2] 21 Am Jur 2d, Criminal Law §§ 476, 606.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2, 3] 67 Am Jur 2d, Robbery § 78.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

It is immaterial that a trial judge before accepting a guilty plea did not state on the record that there was no agreement on his part to get the defendant to plead guilty where it is not claimed on appeal that there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval (GCR 1963, 785.7[4][b]).

2. ROBBERY — MANDATORY MINIMUM SENTENCE.

A trial court did not err in not informing a defendant convicted of armed robbery prior to imposing a sentence that the minimum sentence for armed robbery was one year and one day; the phrase "for life or for any term of years" in the statute on armed robbery refers only to the maximum sentence which may be imposed and does not include a mandatory minimum sentence (MCL 750.529; MSA 28.797).

CONCURRENCE BY M. J. KELLY, J.

3. ROBBERY — MANDATORY MINIMUM SENTENCE.

*There is no mandatory minimum sentence for the crime of armed robbery (MCL 750.529; MSA 28.797).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Parker & Buckley* (by *Patric A. Parker),* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and BEASLEY, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and was sentenced to from 6 to 15 years imprisonment. Defendant presently appeals as of right.

Defendant argues on appeal that his conviction must be reversed because the trial judge did not explicitly state on the record that there was no agreement by the court as to the possibility of a

plea or the possible sentence. Although GCR 1963, 785.7(4)(b) requires the court to make such a statement, the Supreme Court has held that not every instance of noncompliance with the court rule will result in reversible error. *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975). The error here does not warrant reversal. As in *People v Love,* 76 Mich App 379, 383; 256 NW2d 602 (1977):

"Since it is not claimed there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval, it is immaterial that the judge did not state on the record that there was no agreement on his part. Moreover, the transcript shows the judge made clear to the defendant that he did not know how he would dispose of the case and would not know until after receipt of the presentence report."

Defendant also argues that the trial judge should have informed him that the minimum sentence for armed robbery was one year and one day. This argument has been considered and rejected by the Supreme Court in *People v Blythe,* 417 Mich 430; 339 NW2d 399 (1983). The phrase "for life or for any term of years" was held by the Court to refer only to the maximum sentence to be imposed and not to include any mandatory minimum sentence.

Affirmed.

M. J. KELLY, J. *(concurring).* I of course concur in affirmance for the reason that the unanimous Supreme Court in *People v Blythe,* 417 Mich 430; 339 NW2d 399 (1983), has now revealed to bench and bar that the tempest generated over the mandatory minimum sentence for armed robbery has been a classic exercise in futility. The Court in its wisdom has decided that there is indeed no

mandatory minimum sentence for armed robbery, but the price of that deduction is the necessary correlative that the term "life or any term of years" describes alternative maximums. *Quod judices postremum jussit, id jus ratum esto.*