PEOPLE v SHANNON

Docket No. 69661. Submitted January 3, 1984, at Lansing.—Decided
April 17, 1984. Leave to appeal applied for.

Phillip Shannon, pursuant to a plea bargain, pled guilty in
Jackson Circuit Court to a charge of assaulting an employee of
a place of confinement and was sentenced, Charles J. Falahee,
J. Defendant appeals, contending that his conviction should be
reversed because the trial judge misinformed him that the
maximum sentence for the offense to which he was pleading
was five years. In fact, the maximum is four years. Defendant
was sentenced to a consecutive term of two and one-half to four
years. *Held:*

A failure of a trial court to impart information concerning
the maximum possible sentence which can be imposed on a
defendant pleading guilty generally requires reversal. However,
such failure should not be regarded as reversible error per se
where there is a sentence bargain and the defendant has been
sentenced in accordance with the bargain. The error in inform-
ing defendant that the maximum possible sentence was greater
than it actually was does not require reversal since defendant
was not prejudiced thereby.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

The failure of a trial court accepting a guilty plea to inform the
defendant personally of the maximum possible prison sentence
for the offense to which the plea is offered generally requires
reversal of the defendant's conviction; however, such a failure
should not be regarded as reversible error per se where there is
a sentence bargain and the defendant has been sentenced in
accordance with the bargain (GCR 1963, 785.7[1][b]).

2. CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE — COURT
RULES.

Whether a particular departure from the requirements of the

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Appeal and Error § 778.
   21 Am Jur 2d, Criminal Law § 472 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 492 *et seq.*

court rule concerning pleas of guilty and pleas of nolo conten-
dere justifies or requires reversal or remand for additional
proceedings will depend on the nature of the noncompliance
(GCR 1963, 785.7).

3. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

Reversal of a conviction based on a guilty plea is not required
where the trial court misinformed the defendant as to the
maximum sentence possible for the offense to which the defen-
dant was pleading if there is no possibility that the defendant
was prejudiced thereby.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prose-
cuting Attorney, and *Joseph A. Greenleaf,* Chief
Appellate Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for
defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and R. S.
HOFFIUS,* JJ.

PER CURIAM. On his plea of guilty, defendant
was convicted of assaulting an employee of a place
of confinement, MCL 750.197c; MSA 28.394(3). A
plea bargain in the case resulted in the dismissal
of two assault charges and dismissal of a fourth-
felony offender charge. MCL 769.12; MSA 28.1084.
Defendant appeals as of right.

On appeal, defendant claims that his conviction
should be reversed because the trial judge misin-
formed him of the maximum sentence for the
offense to which he was pleading. Defendant was
told twice that the maximum sentence for his
offense was five years; it is, in fact, four years. See
MCL 750.503; MSA 28.771. Defendant was told
that the sentence would run consecutively to the
sentence he was serving at the time of the offense.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

He was sentenced to a consecutive term of two and one-half to four years in prison.

GCR 1963, 785.7(1)(b) requires a judge accepting a guilty plea to inform the defendant personally of the maximum possible prison sentence for the offense to which the plea is offered. A failure to impart the information concerning the maximum possible sentence generally requires reversal. *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975).

The failure to advise a defendant pleading guilty of the maximum sentence which could be imposed should not be regarded as reversible error per se where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain. *People v Jackson,* 417 Mich 243, 246; 334 NW2d 371 (1983).

In this case, the trial judge did not fail to impart information concerning the maximum sentence, but informed the defendant that the maximum possible sentence was higher than it actually was. We do not regard such an error as coming within the per se rule requiring reversal adopted in *Guilty Plea Cases, supra.* Instead, this issue must be decided by applying the general rule that the nature of the noncompliance with the court rule determines whether reversal is required. See *Guilty Plea Cases, supra,* p 113, where it is stated as follows:

"Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal.

"Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance."

The foregoing statement from *Guilty Plea Cases,*

*supra,* has been cited in *People v Rogers,* 412 Mich 669, 671; 316 NW2d 701 (1982).

The decision in *Jackson, supra,* suggests that reversal is not required where no possibility exists that a defendant has been misled to his prejudice.

We believe that the error in informing the defendant that the maximum possible sentence was greater than it actually was does not require reversal. The rule requiring that a judge inform a defendant of the maximum possible sentence for the offense to which he is pleading was intended to inform the defendant of the most serious consequences he faces if he pleads guilty. This purpose was fully served in the present case, despite the fact that defendant was misinformed as to the maximum penalty.

Misinformation concerning a maximum possible sentence could mislead a defendant to his prejudice if he is informed that the maximum is less than it actually is. We conclude, however, that defendant was not misled to his prejudice. Reversal is not, therefore, required.

Affirmed.