## PEOPLE v BRODEN

Docket No. 78608. Submitted January 23, 1985, at Detroit.—Decided December 3, 1985. Leave to appeal applied for.

Defendant, Lora Broden, was convicted of second-degree murder on her plea of guilty before the Recorder's Court of the City of Detroit, Dalton A. Roberson, J. The court sentenced defendant to from 16 to 30 years in prison. Defendant appeals raising several issues. *Held:*

1. The court rule requiring a judge to inform defendant of the maximum possible sentence for the offense to which defendant is pleading was intended to inform defendant of the most serious consequences he faces if he pleads guilty. The trial judge's statement, that the maximum sentence was "life", was a misstatement of the maximum possible sentence. However, it did not prejudice defendant and it did not result in reversible error.

2. The trial judge did not have to advise defendant of the minimum sentence range recommended by the Sentencing Guidelines. The minimum sentence range is not a mandatory minimum sentence, GCR 1963, 785.7(1)(d).

3. The Supreme Court in *People v Coles,* 417 Mich 523 (1983), to aid appellate review, mandated that trial judges articulate their reasons for imposing a given sentence. Simply relying on the guidelines without any explanation defeats the purpose of the articulation requirement.

4. Evaluation of the Sentencing Guidelines is a primary goal of the guidelines themselves. Substitution of the "temporary" guidelines for an explication by the trial judge of the reasons for a given sentence does not aid, but in fact subverts, evaluation.

Affirmed but remanded for further articulation by the trial court as to its reasons for the sentence.

J. T. KALLMAN, J., dissented in part. He believed that the trial judge's statement that he followed the guidelines ade-

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

quately explained the sentence as required by *Coles.* He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING.

A misstatement of the maximum possible sentence, by a trial judge, is not reversible error where no prejudice to defendant is shown.

2. CRIMINAL LAW — SENTENCING GUIDELINES.

A trial judge does not have to advise a defendant of the minimum sentence range recommended by the Sentencing Guidelines; the minimum sentence range is not a mandatory minimum sentence (GCR 1963, 785.7(1)(d); Administrative Order No 1984-1, 418 Mich lxxx).

3. CRIMINAL LAW — SENTENCING GUIDELINES.

The Supreme Court, to aid appellate review, has mandated that trial judges articulate their reasons for imposing a given sentence; simply relying on the Sentencing Guidelines without any explanation defeats the purpose of the articulation requirement.

4. CRIMINAL LAW — SENTENCING GUIDELINES.

Evaluation of the Sentencing Guidelines is a primary goal of the guidelines themselves; substitution of the "temporary" guidelines for an explication by the trial judge of the reasons for a given sentence does not aid, but in fact subverts, evaluation (Administrative Order No 1984-1, 418 Mich lxxx).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY J. T. KALLMAN, J.

5. CRIMINAL LAW — SENTENCING GUIDELINES.

*A trial judge's statement that he followed the guidelines adequately explains the sentence as required.*

*Thomas E. Betz,* for defendant on appeal.

Before: HOOD, P.J., and WAHLS and J. T. KALLMAN,* JJ.

PER CURIAM. We are invited in this case to conclude that a trial court, which indicates nothing more than that it is applying a guideline

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentence, has complied with the Supreme Court's mandate that an explanation for the sentence imposed be given. *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983). We decline the invitation.

Defendant in this case pled guilty to second-degree murder, MCL 750.317; MSA 28.549, was sentenced to from 16 to 30 years imprisonment, and appeals as of right.

Defendant first argues that her conviction should be reversed because the trial judge failed to advise her of the maximum possible sentence for the offense to which she was pleading, as required by GCR 1963, 785.7(1)(b). The trial judge informed defendant that second-degree murder "is punishable by life imprisonment and is not a probationable offense". MCL 750.317; MSA 28.549 sets the punishment for second-degree murder as "imprisonment in the state prison for life, or any term of years". The language "any term of years" refers to the maximum sentence. *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983); *People v Earl Jones,* 94 Mich App 232, 235; 288 NW2d 385 (1979). However, misstatement of the maximum possible sentence is not reversible error where no prejudice is shown. *People v Shannon,* 134 Mich App 35; 349 NW2d 813 (1984). Since the rule requiring the judge to inform defendant of the maximum possible sentence for the offense to which he is pleading was intended to inform defendant of the most serious consequence he faces if he pleads guilty, *Shannon, supra,* p 38, we find that the trial judge's statement, that the maximum sentence was "life", did not prejudice defendant.

We also find no merit in defendant's argument that the trial judge should have informed her of the recommended minimum sentence range before accepting her plea. The guidelines do not come

within the language of GCR 1963, 785.7(1)(d) (which was revoked effective April 25, 1984), and we see no reason to add the guideline range as mandated advice at a guilty plea hearing.

Finally, we deal with the invitation alluded to in the opening paragraph of this opinion. We conclude that we should once again remand this matter to the trial court for an explanation of the reasons for the sentence imposed. We interpret *People v Coles, supra,* as requiring more than a simple reference to the guidelines as a reason for a sentence imposed.

We previously remanded this matter by an order on August 23, 1984, so that the trial judge could explain the reasons for the sentence imposed. At the remand hearing he stated, "I followed the guidelines exactly. I told her at the time of sentencing I was following the guidelines. I think that was sufficient reason to explain her sentence to her and the attorney had an opportunity to review that before I passed sentence." We do not feel that simply saying "I followed the guidelines" is an adequate statement of reasons for a sentence.

In *Coles,* the Supreme Court mandated that trial courts articulate, on the record, their reasons for imposing a given sentence. The purpose of this requirement is to aid appellate review. Simply relying on the guidelines without any explanation defeats the avowed purpose of the articulation requirement for several reasons. First, this Court is prevented from determining which, if any, of the *Coles* criteria for imposing a proper sentence were followed. Second, the guidelines give a range only for the recommended minimum sentence, with no guidance at all as to the maximum. In this case, for instance, the guideline range was 16 years to life. To say that the trial judge could pick

any number from 16 to life seems to us to defy the policy of *Coles.*

Finally, the Sentencing Guidelines, Administrative Order No 1984-1, 418 Mich lxxx, have as one of their primary goals the evaluation of the guidelines themselves. Evaluation is certainly not aided, and in fact would be subverted, by a procedure in which these "temporary" guidelines are allowed as a substitute for an explication by the trial judge of the reasons why he or she is dealing with a particular defendant in a particular manner.

Defendant's conviction is affirmed and this cause is remanded so that the trial court can explain the reasons for the sentence in terms other than a mere reference to the guidelines.

J. T. KALLMAN, J. *(concurring in part; dissenting in part).* I respectfully dissent from that portion of the majority opinion which remands for further articulation of the reasons for the sentence imposed. I believe that the trial judge's statement that he followed the guidelines adequately explained the sentence as required by *People v Coles,* 417 Mich 423, 450; 339 NW2d 440 (1983).

In *People v Coles, supra,* pp 458-551, the Supreme Court determined that there was a need for greater appellate review of sentences. In order to facilitate the appellate review process, the Court mandated that the trial court articulate on the record its reasons for imposing the sentence given. The Court recognized the existence of the sentencing guidelines but did not define the relationship between the sentencing guidelines and its requirement that the trial court articulate its reasons for imposing a sentence.

Three months after *Coles* was decided, the Supreme Court entered Administrative Order No 1984-1, 418 Mich lxxx, which made the use of the

sentencing guidelines mandatory. The sentencing. information report is now available to the appellate courts for review in every case. This report contains a prior record score, and an offense score (which includes scoring of offense variables and the offense severity level), and mitigation variables. The sentencing information report also requires a statement by the judge of any other considerations or reasons for departing above or below the sentence range in the guidelines. Also available to the appellate courts is the presentence investigation report which now contains an explanation for the suggested scoring of the sentencing information report. An appellate court may also review the sentencing transcript which contains comments by the judge, the attorneys, and defendant. The transcript may contain any objections to the guidelines scoring or the information contained in the presentence information report and resolution by the trial judge.

In light of the materials now available to the appellate courts for sentencing review, the requirement that a trial judge utilize the sentencing guidelines and state reasons for departure does more to facilitate appellate review of sentences than a requirement that overburdened trial judges additionally make a rote recitation of the factors articulated in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). Consequently, I believe that for offenses to which the sentencing guidelines are applicable, the use of the guidelines obviates the need for a *Coles* articulation of the reasons for imposing a sentence. See *People v Murray,* 147 Mich App 227; — NW2d — (1985).

A remand for further articulation of the reasons for the sentence imposed is particularly inefficacious in the present case because defendant does not argue that the trial court abused its discretion

or that the sentence imposed is so excessive that it should shock the conscience of this Court. More importantly, I must reach the inevitable conclusion that from 16 to 30 years for second-degree murder, where defendant has a prior homicide conviction, does not amount to an abuse of discretion or shock my appellate conscience.

I would affirm.