PEOPLE v PETERSON

Docket No. 85033. Submitted November 14, 1985, at Lansing.—Decided December 19, 1985.

Defendant, Walter K. Peterson, was convicted, on his plea of guilty, of unlawfully driving away an automobile, breaking and entering with intent to commit larceny and being a third-offense habitual offender, Oakland Circuit Court, Alice L. Gilbert, J. He was sentenced on each conviction. Defendant appealed. *Held:*

1. It is immaterial that a trial judge before accepting a guilty plea did not state on the record that there was no agreement on his part to get the defendant to plead guilty where it is not claimed on appeal that there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval, as was the case here.

2. The sentencing guidelines do not apply to habitual offender convictions. Sentencing for a habitual criminal conviction does not constitute cruel and unusual punishment where the defendant's prior record has been scored in determining a minimum sentence under the sentencing guidelines.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

It is immaterial that a trial judge before accepting a guilty plea did not state on the record that there was no agreement on his part to get the defendant to plead guilty where it is not claimed on appeal that there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval (GCR 1963, 785.7[4][b]; MCR 6.101[F][4][b]).

REFERENCES

Am Jur 2d, Criminal Law §§ 469-480.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

Judge's participation in plea bargaining negotiations as rendering accused's guilty plea involuntary. 10 ALR4th 689.

Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant.

Before: BRONSON, P.J., and ALLEN and M. H. CHERRY,* JJ.

PER CURIAM. On January 10, 1985, defendant entered a plea of guilty to the following charges: (1) unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645; (2) breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305; and (3) habitual offender—third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced on the same date to from 3 to 5 years imprisonment for the UDAA conviction, 3 to 10 years on the breaking and entering conviction, which was later vacated by the court, and 6 to 20 years on the habitual offender conviction, the sentences to run concurrently. From a May 9, 1985, order denying defendant's motion to withdraw his plea, defendant appeals as of right.

Defendant maintains that the trial judge's failure to explicitly state whether she had made any plea or sentence agreement with any party, as required by GCR 1963, 785.7(4)(b), now MCR 6.101(F)(4)(b), requires reversal. However, noncompliance with the court rule does not mandate reversal in every case. *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975). Where, as here, the defendant does not claim that "there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval, it is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

immaterial that the judge did not state on the record that there was no agreement on [the judge's] part". *People v Clardy,* 130 Mich App 438, 440; 343 NW2d 587 (1983), quoting *People v Love,* 76 Mich App 379, 383; 256 NW2d 602 (1977). Moreover, we note that a brief discussion between defense counsel and the trial judge just prior to sentencing indicates that no such agreement was made in this case.

Defendant next argues that his sentence was cruel and unusual punishment since he was sentenced as an habitual offender after his prior record was already scored for purposes of determining the applicable minimal sentence on the breaking and entering conviction. He maintains that he was punished twice for the same offense. The sentencing guidelines explicitly state that they do not apply to habitual offender convictions. Moreover, the guidelines provide a recommended minimum range, whereas the habitual offender statute provides for enhancement of the maximum range. Based on these factors, we find that defendant's argument is without merit.

Affirmed.