*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SAMUEL STEPHEN ROY,

Defendant-Appellant.

FOR PUBLICATION
April 6, 2023
9:15 a.m.

No. 359894
Berrien Circuit Court
LC No. 2021-000994-FC

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

REDFORD, J.

Defendant appeals his sentence imposed after a jury found him guilty of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b). The trial court sentenced defendant to 25 to 30 years' imprisonment for his CSC-I conviction and 2 to 15 years' imprisonment for his CSC-II conviction, with credit for 62 days served. On appeal, defendant argues that the trial court erred by interpreting MCL 750.520b(2)(b) as requiring the imposition of a mandatory minimum sentence of 25 years. We affirm.

## I. BACKGROUND

After defendant rejected plea offers made by the prosecution, he was tried and convicted of committing digital-vaginal penetration of an eight-year-old girl on two occasions between November 1, 2011 and June 1, 2012, when he was over 17 years old. At sentencing, the prosecution requested that the trial court impose a mandatory 25-year minimum sentence to a maximum of life or any term of years under MCL 750.520b(2)(b). The trial court sentenced defendant to 25 years' minimum to 30 years' maximum for his CSC-I conviction. Defendant moved for correction of his sentence on the ground that MCL 750.520b(2)(b) did not pertain to minimum sentencing but limited the court's discretion regarding the maximum sentence it could impose because "[t]here is nothing in the plain language of MCL 750.520b(2)(b) that makes the phrase, 'not less than 25 years,' specifically point to the minimum term of a defendant's indeterminate sentence" and the words "mandatory minimum" did not appear anywhere in the statute. Defendant explained that MCL 750.520b(2)(b) lacked ambiguity and should have been

enforced as written because the 25-year provision applied to the maximum term and not the minimum. Defendant asserted that courts misinterpreted the Legislature's intent in amending the statute in 2006 to incorporate the 25-year provision but the court could correct that. Defendant argued that sentencing statutes typically specify maximum sentences and leave minimum sentences to be determined under the sentencing guidelines. Further, he contended that the 25-year phrase must be read as modifying the last antecedent, "or any term of years," because not doing so would result in a violation of Michigan's indeterminate sentencing law, MCL 769.9(2). Defendant argued that his 25-year minimum sentence exceeded the top end of the range calculated under the sentencing guidelines, 70 months, by over 19 years, which made his minimum sentence an unreasonable and disproportionate upward departure sentence without proper justification. Defendant requested that the trial court vacate his sentence and order resentencing.

The prosecution opposed the motion and argued that the trial court was constrained by and required to follow the precedent of *People v Payne*, 304 Mich App 667, 673; 850 NW2d 601 (2014), which held that MCL 750.520b(2)(b) set the mandatory minimum sentence for the crime and serves as the de facto sentencing guidelines minimum. The prosecution asserted that the plain language of the statute demonstrated the Legislature's intent to require the imposition of a 25-year minimum sentence for CSC-I convictions because the words "but not less than 25 years" modified the preceding noun, "imprisonment." The prosecution also relied on the legislative history as support for the proposition that the 25-year provision set a mandatory minimum.

The trial court denied defendant's motion. The court explained that "[t]he *unique* interpretation of MCL 750.520b(2)(b) advanced by [d]efendant is unsupported by Michigan law or common sense. . . . Further, the plain language of the statute clearly supports the proposition that the sentence imposed by the trial court was proper." Defendant now appeals.

## II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006).

## III. ANALYSIS

Defendant contends that the trial court should have disregarded precedent and interpreted MCL 750.520b(2)(b) as only prohibiting sentencing courts from imposing maximum sentences of less than 25 years, and that courts have misinterpreted the statute's plain, unambiguous language which applies to maximum sentences and not minimum sentences. We disagree.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). The first step in statutory interpretation is to look to the text of the statute as the words "provide the most reliable evidence of its intent . . . ." *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012) (quotation marks and citation omitted; ellipses in original). If the language contained within the statute is unambiguous, "the Legislature is presumed to have intended the meaning expressed in the statute." *Briggs Tax Serv, LLC*, 485 Mich at 76. If a statute is unambiguous, "judicial construction is neither required nor permitted, and courts must apply the statute as written." *Petersen v Magna Corp*, 484 Mich 300, 307; 773 NW2d 564 (2009). In other words,

"courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). A statutory provision is ambiguous only if it irreconcilably conflicts with another provision or it is equally susceptible to more than a single meaning. See *Mayor of Lansing v Public Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004).

When the Legislature's intent has been explicitly declared, however, a court "cannot employ statutory-construction principles or doctrines used to discern legislative intent to produce an interpretation that conflicts." *House of Representatives v Governor*, 333 Mich App 325, 352; 960 NW2d 125 (2020), rev'd on other grounds sub nom, 506 Mich 934 (2020), citing *People v Mazur*, 497 Mich 302, 314; 872 NW2d 201 (2015). "A legislative analysis is a 'generally unpersuasive tool of statutory construction' " because it does " 'not necessarily represent the views of even a single legislator.' " *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 546; 716 NW2d 598 (2006), quoting *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 587, 588 n 7; 624 NW2d 180 (2001). However, "[c]ourts may look to the legislative history of an act, as well as to the history of the time during which the act was passed, to ascertain the reason for the act and the meaning of its provisions." *Twentieth Century Fox Home Entertainment, Inc*, 270 Mich App at 546 (quotation marks and citation omitted; alteration in original).

The previous version of MCL 750.520b(2) provided: "Criminal sexual conduct in the first degree is a felony punishable by imprisonment in the state prison for life or for any term of years." Effective August 28, 2006, the statute was amended to state:

> (2) Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.
>
> (b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.
>
> (c) For a violation that is committed by an individual 17[1] years of age or older against an individual less than 13 years of age, by imprisonment for life without the possibility of parole if the person was previously convicted of a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age or a violation of law of the United States, another state or political subdivision substantially corresponding to a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age.

---

[1] In 2014, this age was changed to 18.

(d)  In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520n.

(3)  The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

MCL 769.34(2)(a) provides in relevant part:

If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute.  Imposing a mandatory minimum sentence is not a [sentencing guidelines] departure under this section.

Our Supreme Court and this Court have consistently explained that MCL 750.520b(2)(b)'s 25-year provision imposes a mandatory *minimum* sentence.  See  *People v Beck*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 160668 and 160669); slip op at 20 and 27 (stating that "[a] CSC-I offense committed by an individual 17 years old or older against an individual under the age of 13 carries a 25-year mandatory minimum sentence" and "the defendant must be '17 years of age or older' for the 25-year mandatory minimum in MCL 750.520b(2)(b) to apply."); see also *People v Keefe*, 498 Mich 962; 872 NW2d 688 (2015) (MARKMAN, J., concurring) (explaining that "MCL 750.520b(2)(b) was clearly designed by the Legislature to operate, as with any other mandatory minimum sentence, as a limitation on the trial court's sentencing discretion when CSC-I is 'committed by an individual 17 years of age or older against an individual less than 13 years of age.' ");  *People v Varnhee*, 500 Mich 966; 892 NW2d 373 (2017) (MARKMAN, J., concurring); *Payne,* 304 Mich App at 672-673 ("Under the reasoning of *Wilcox*, (*People v Wilcox*, 486 Mich 60 (2010)) it is clear that the 'mandatory minimum' sentence in MCL 750.520b(2)(b) is a flat 25-year term" and "because defendant was 17 years of age or older and committed CSC-I against a victim less than 13 years of age, the circuit court was required to impose a minimum sentence of at least 25 years.  MCL 750.520b(2)(b)");  *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011) (rejecting the defendant's argument that the mandatory 25-year minimum sentence imposed under MCL 750.520b(2)(b) was unconstitutionally cruel or unusual); see also, *People v Gordon*, unpublished per curiam opinion of the Court of Appeals, issued July 23, 2019 (Docket No. 343352) (explaining that MCL 750.520b(2)(b) imposes a mandatory minimum 25-year sentence and an upward departure from the statutory minimum is reviewed for reasonableness); *People v Kreiner*, unpublished per curiam opinion of the Court of Appeals, issued July 16, 2015 (Docket No. 309334) (explaining that the trial court lacked authority to impose a 10-year minimum sentence under a plea agreement because MCL 750.520b(2)(b) imposes a mandatory minimum of 25 years).[2]

---

[2] Numerous unpublished opinions of this Court similarly explain that MCL 750.520b(2)(b) imposes a mandatory minimum of 25 years.  Unpublished opinions of the Court of Appeals are not binding upon this Court, but may be persuasive.  *People v Daniels*, 311 Mich App 257, 268 n 4; 847 NW2d 732 (2015), lv den 499 Mich 935 (2016).

Defendant asserts that federal courts interpret MCL 750.520b(2)(b) as unambiguously prohibiting sentencing courts from imposing maximum sentences under 25 years. He contends that the federal courts' interpretation should be adopted and our state courts' long-standing interpretation discarded. Federal precedent is not binding upon this Court, but may be persuasive and considered. See e.g., *Florence v Dep't of Social Servs*, 215 Mich App 211, 215; 544 NW2d 723 (1996). In this case, we decline to adopt the federal courts' interpretation of MCL 750.520b(2)(b) because we are not persuaded that those courts properly interpreted and applied Michigan law.

Before 2006, MCL 750.520b(2) described CSC-I as "a felony punishable by imprisonment in the state prison for life or any term of years." See 2005 HB 5421. In 2006, with the passage of House Bill 5421 and a package of related bills, the Legislature amended MCL 750.520b(2) respecting the penalty for conviction of CSC-I committed by a person 17 years of age or older against a child under 13 years of age by adding subsection (b) requiring "imprisonment for life or any term of years, but not less than 25 years." See 2006 PA 169. The Legislature passed 2006 PA 169 in response to a highly publicized 2005 kidnapping, rape, and murder of a nine-year-old child in Florida. *Id*. Defendant asserts that Michigan did not follow other states in enacting a 25-year mandatory minimum, but broke from the rest and created instead a floor to the maximum prison term. We disagree.

Defendant seeks to rely on *People v Blythe*, 417 Mich 430, 433, 436; 339 NW2d 399 (1983), for the proposition that the phrase "life or any term of years" does not impose a mandatory minimum. In *Blythe*, our Supreme Court considered whether the armed robbery statute which imposed punishment by imprisonment "for life or any term of years" meant that the sentencing court had to at least impose a minimum sentence of one year and a day to comply with the statute. *Id*. The Court concluded that "life or any term of years" in the armed robbery statute referred to the maximum sentence and did not include a mandatory minimum sentence. *Id*. at 434. Defendant contends that use of the same phrase for the penalties imposed for CSC-I under MCL 750.520b(2) requires interpreting the phrase, "but not less than 25 years" in subpart (2)(b), as necessarily modifying only the phrase "life or any term of years," and courts cannot interpret it as imposing a mandatory minimum. Defendant's argument is not persuasive because the armed robbery statute plainly differs from the CSC-I statute in that the CSC-I statute includes the "but not less than 25 years" phrase in subpart (2)(b) substantively distinguishing the statutes, and our Supreme Court as recently as this past term in *Beck* and this Court time and again have explained since the 2006 amendment that MCL 750.520b(2)(b) imposes a 25-year mandatory minimum sentence for 17-year-old or older defendants convicted of committing CSC-I against individuals less than 13 years of age.

The plain and straightforward language of the statute compels this conclusion. A sentencing court may sentence a defendant convicted as defendant at bar to either life imprisonment or to a term of years so long as the minimum term of years is "not less than 25 years."

While legislative analysis is not needed to correctly analyze this unambiguous statute, when it is considered, our conclusion, unsurprisingly, is completely supported by it.[3] In 2006, both chambers of the Legislature expressly addressed the purpose of the 25-year phrase as creating a mandatory minimum sentence in MCL 750.520b. A House Fiscal Agency report, "25-Year Minimum for Certain Crimes," first summarized HB 5421 as follows:

> House Bill 5421 would amend the section of the Michigan Penal Code (MCL 750.520b) addressing the felony of [CSC-I]. It *would impose a minimum sentence of 25 years* for [CSC-I] when the victim is under 13 years of age and the crime is committed by an individual 17 years of age or older and accomplished while armed with a weapon (or any article the victim reasonably believes is a weapon) or through force or coercion. The specific sentence for this offense under the bill would be **imprisonment for life or any term of years, but not less than 25 years**. Currently, all [CSC-I] is punishable by imprisonment for life or for any term of years. [House Legislative Analysis, HB 5421 and 5422 (March 13, 2006) (first emphasis added).]

Similarly, a Senate Fiscal Agency committee summary first noted that the bill would "[e]stablish a mandatory minimum penalty of 25 years' imprisonment for [CSC-I] involving a victim under 13 years of age and an offender who was 17 or older." Senate Legislative Analysis, HB 5421, 5422, 5531, and 5532 (May 9, 2006). The Governor signed HB 5421 on May 29, 2006, and filed on May 30, 2006, conditioned on the passage of a package of accompanying, related bills. 2006 PA 169. The Act ultimately took effect on August 28, 2006. *Id*.[4] Further, in November 2006, the Michigan Senate began its written rationale for the package of enrolled bills, including HB 5421, by noting that, "[u]nder the Michigan Penal Code, [CSC-I] is punishable by imprisonment for life or any term of years. Until recently, however, there was no provision in Michigan law for a minimum sentence for [CSC-I] committed against young children or mandatory life imprisonment for repeat offenders." Senate Legislative Analysis, SB 709, 717, 718, and 1122 and HB 5421, 5422, 5531, and 5532, November 13, 2006. The package of bills sought to "[e]stablish a mandatory minimum penalty of 25 years' imprisonment for [CSC-I] involving a victim under 13 years of age and an offender who is 17 or older." *Id*. Arguments in support of the package stated as follows:

> The bills will safeguard children by enacting appropriate penalties for predators against them. While the maximum penalty for [CSC-I] under the Penal Code is life in prison, the Code previously contained no minimum sentence, even for the rape of a young child by an adult, and no enhanced penalty for a repeat

---

[3] Although legislative analysis is not favored as a tool of statutory construction, we " 'may look to the legislative history of an act, as well as to the history of the time during which the act was passed, to ascertain the reason for the act and the meaning of its provisions.' " *Twentieth Century Fox Home Entertainment, Inc*, 270 Mich App at 546 (citation omitted).

[4] See also Senate Legislative Analysis, SB 709, 717, 718, and 1122 and HB 5421, 5422, 5531, and 5532, November 13, 2006 ("The bills were tie-barred and took effect on August 28, 2006.").

offender. *By requiring a minimum sentence of 25 years' imprisonment for [CSC-I] committed by a person who is at least 17 against a child under the age of 13*, allowing courts to order consecutive sentencing for [CSC-I] and other crimes arising from the same criminal transaction, and enacting a mandatory sentence of life in prison without parole for an adult who commits CSC against a child under 13 after a prior CSC conviction, the bills establish an appropriately harsh penalty for those egregious crimes. The bills also send a clear message to individuals who would sexually prey on children that they will be severely punished in Michigan. [*Id*. (emphasis added).[5]]

The plain and unambiguous language of the statute, the precedent of our Supreme Court and this Court and the legislative analysis of this statute clearly result in the conclusion that MCL 750.520b(2)(b) requires the imposition of a mandatory 25-year minimum sentence upon convicted CSC-I offenders who were 17 years old or older who committed CSC-I offenses against victims under the age of 13. We therefore hold, pursuant to MCL 750.520b(2)(b), a person 17 years old or older who is convicted of a CSC-I offense against a victim or victims under the age of 13 who receives a term-of-years sentence must be sentenced to a term of not less than a 25-year minimum sentence.

Defendant is such a convicted offender and the trial court properly imposed upon him a valid mandatory minimum 25-year sentence. Defendant's arguments to the contrary lack merit; therefore, he is not entitled to any relief.

Affirmed.

/s/ James Robert Redford
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

---

[5] Notably, some voiced opposition to the proposed 25-year minimum for limiting judicial discretion, preventing individualized sentences, and potentially imposing more incarceration than necessary to protect the public. *Id*.