PEOPLE v FRANK

Docket No. 92443. Submitted September 9, 1986, at Lansing. Decided
    November 3, 1986.

> Patrick A. Frank pled guilty in the Bay Circuit Court to two
> charges of third-degree criminal sexual conduct and one charge
> of second-degree criminal sexual conduct. The trial court, Eu-
> gene C. Penzien, J., sentenced defendant to concurrent prison
> terms of from five to fifteen years on each conviction. Defen-
> dant appeals alleging that he could have been sentenced to a
> "straight jail term" and that therefore a statement in the
> presentence report that the two third-degree criminal sexual
> conduct convictions required "mandatory prison sentences" was
> inaccurate. Defendant also alleges that the sentences imposed
> by the trial court should shock the judicial conscience of the
> Court of Appeals.

> The Court of Appeals *held:*

> 1. A sentence of probation is prohibited for defendants con-
> victed of third-degree criminal sexual conduct.

> 2. The statement in the presentence report was accurate.
> Defendant's argument that he could have been sentenced to
> straight time in the county jail is without merit. A maximum
> sentence of fifteen years was required, thus, incarceration must
> be in prison, regardless of the sentence minimum.

> 3. Defendant's minimum sentences fell within the sentencing
> guidelines' recommended minimum sentences of from three to
> five years and therefore are not shocking to the judicial con-
> science of the Court of Appeals as a matter of law.

> Affirmed.

1. RAPE — SENTENCING — PROBATION — THIRD-DEGREE CRIMINAL
    SEXUAL CONDUCT.
    Probation is prohibited by statute for defendants convicted of

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.;* 567 *et seq.,* 607.

Am Jur 2d, Rape §§ 114, 115.

Validity of statutes prohibiting or restricting parole, probation, or
    suspension of sentence in cases of violent crimes. 100 ALR3d 431.

See also the annotations in the Index to Annotations under Sen-
    tence and Punishment.

third-degree criminal sexual conduct (MCL 771.1[1]; MSA 28.1131[1]).

2. CRIMINAL LAW — SENTENCING — PRISONS AND PRISONERS.

Incarceration of a defendant who is convicted and sentenced to a maximum sentence of a least a year and a day must be in prison, regardless of the minimum sentence.

3. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A defendant's sentence may be found not to shock the judicial conscience of the Court of Appeals as a matter of law where the minimum sentence imposed on the defendant falls within the minimum sentence range recommended by the sentencing guidelines.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *George B. Mullison*, Prosecuting Attorney, and *Martha G. Mettee*, Assistant Prosecuting Attorney, for the people.

*Allsopp, Fitzgerald & Kolka, P.C.* (by *Arthur M. Fitzgerald*), for defendant.

Before: DANHOF, C.J., and ALLEN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On November 18, 1985, defendant pled guilty to two charges of third-degree criminal sexual conduct and one charge of second-degree CSC. He received concurrent sentences of from five to fifteen years in prison for each conviction.

On appeal, defendant raises two sentencing issues. First, defendant argues that he could have been sentenced to a "straight jail term" and that therefore a statement in the presentence report (PSR) that the two third-degree CSC convictions required "mandatory prison sentences" was inaccurate. Since the PSR allegedly contained inaccurate information, defendant argues that he is entitled to resentencing.

As support for his position, defendant relies

upon *People v Blythe,* 417 Mich 430; 339 NW2d 399 (1983). Defendant asserts that *Blythe* stands for the proposition that the offenses listed in MCL 771.1(1); MSA 28.1131(1) are not subject to mandatory prison terms even though the provision prohibits probation for such offenses. While there is language in *Blythe* that nonaggravated armed robbery, a nonprobational offense, does not require a mandatory minimum, this language must be read in context. *Blythe* rejected the view of *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), lv den 406 Mich 1021 (1979), and *People v West,* 113 Mich App 1; 317 NW2d 261 (1982), that the language in the armed robbery statute, MCL 750.529; MSA 28.797, "any term of years" required a mandatory minimum prison term of at least a year and a day. In rejecting that view, the Court found that a six-month minimum prison term was acceptable. However, *Blythe* cannot be interpreted as holding that *no* mandatory prison sentence was required. Such a construction would render meaningless the language in MCL 771.1(1); MSA 28.1131(1) which prohibits probation for third-degree CSC convictions.

Defendant's argument that he could have been sentenced to "straight time" in the county jail is also without merit. Under MCL 769.8; MSA 28.1080, a maximum sentence of fifteen years was required. As long as the maximum sentence is at least a year and a day, incarceration must be in prison, regardless of the sentence minimum. *Blythe, supra,* p 437.

Thus, the statement in the PSR that defendant's two third-degree CSC convictions required "mandatory prison sentences" was accurate.

Second, defendant argues that the sentences imposed should shock this Court's conscience. The sentencing guidelines recommended minimum sen-

tences of from three to five years. Defendant's minimum sentences fell within this range and therefore are not conscience-shocking as a matter of law. *People v Murray,* 147 Mich App 227, 232; 383 NW2d 613 (1985), lv gtd 425 Mich 871 (1986). However, see *People v Broden,* 147 Mich App 470; 382 NW2d 799 (1985), lv gtd 425 Mich 871 (1986).

Affirmed.