PEOPLE v AUSTIN

Docket No. 131937. Submitted September 4, 1991, at Detroit. Decided
October 8, 1991, at 9:30 A.M.

James Austin pleaded guilty in the Oakland Circuit Court, Jessica R. Cooper, J., of armed robbery and malicious destruction of property over $100 and was sentenced to one year in the county jail. The prosecutor appealed, claiming that the sentence is invalid.

The Court of Appeals *held:*

A person convicted of armed robbery must be sentenced to confinement in state prison for life or for an indeterminate term of years less than life. The trial court in this case erred in imposing a determinate term of confinement in the county jail.

Sentence vacated and case remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Hardig, McConnell, Goetz & Palmiere, P.C.* (by *Joseph L. Hardig, III,* and *Bradley S. Stout*), for the defendant.

Before: GILLIS, P.J., and GRIBBS and REILLY, JJ.

PER CURIAM. Defendant pleaded guilty of armed robbery, MCL 750.529; MSA 28.797, and malicious destruction of personal property over $100, MCL 750.377a; MSA 28.609(1). Defendant was sentenced to one year in the Oakland County jail. The prosecution appeals the sentence imposed in this case, alleging that the sentence is invalid. We vacate defendant's sentence and remand for resentencing.

The sole issue raised on appeal is whether the trial court erred in imposing a determinate county jail sentence for the felony offense of armed robbery. The prosecution argues that a defendant convicted of armed robbery must be given an indeterminate sentence that must be served in state prison. We agree.

A "felony" offense is one for which the convicted offender may be punished by death or by imprisonment in state prison. MCL 750.7; MSA 28.197; *People v Alford,* 104 Mich App 255, 257-258; 304 NW2d 541 (1981). Under the plain language of MCL 750.529; MSA 28.797, armed robbery is a felony offense and is punishable by imprisonment in state prison for life or for any term of years. Because armed robbery is an offense for which probation may not be imposed, a person convicted of armed robbery must either be sentenced to a fixed sentence of life imprisonment or an indeterminate sentence of any number of years in state prison. MCL 771.1(1); MSA 28.1131(1); *People v Larkins,* 142 Mich App 679, 680-681; 369 NW2d 882 (1985); *People v Johnson,* 421 Mich 494, 497; 364 NW2d 654 (1984). Under the indeterminate sentence statute, when sentencing a defendant to a term of years for the offense of armed robbery, the sentencing judge must not fix a definite term of imprisonment. MCL 769.8; MSA 28.1080. A defendant convicted of armed robbery must be sentenced on an indeterminate basis, with the sentencing judge setting both the minimum and maximum terms of imprisonment. MCL 769.9(2); MSA 28.1081(2); MCL 750.529; MSA 28.797. The maximum sentence that may be imposed for the offense of armed robbery is imprisonment in state prison for life or any term of years. MCL 750.529; MSA 28.797; *People v Blythe,* 417 Mich 430, 434; 339 NW2d 399 (1983). However, the minimum sen-

tence for armed robbery could be less than a year in state prison. *Id.*

It is clear from the statutory scheme that a sentencing judge must sentence a defendant convicted of armed robbery to life imprisonment or an indeterminate prison sentence. In this case, the sentence imposed was a determinate sentence of one year in the county jail. This sentence was improper because it did not provide a minimum and maximum term of imprisonment and it did not require defendant to serve his sentence in state prison.

We hold that the trial court erred in imposing a determinate county jail sentence for the felony offense of armed robbery. On remand, the trial court should resentence defendant in accordance with the requirements of the law.

Defendant's sentence is vacated and this matter is remanded for resentencing.