**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 24, 2002**

JOHN T. STONE and PHILLIP M. STEVENS,

    Plaintiffs-Appellees,

v

        No. 120211

STATE OF MICHIGAN and DEPARTMENT OF
TREASURY,

    Defendants-Appellants.

_____

**PER CURIAM**

I

    At issue is whether the plaintiffs, members of a class
consisting of those who retired under the state's 1996 early
retirement program,[1] are subject to withholding for state and
local income taxes on monthly accumulated sick leave payments
pursuant to MCL 38.19f(3). The Court of Claims and the Court
of Appeals concluded these payments were not taxable. We
reverse because we conclude that these sick leave payments are

_____

[1] 1996 PA 487; 1997 PA 3.

not tax exempt under the relevant statute.

## II

As all the parties acknowledge, pursuant to the Michigan Civil Service Commission Compensation Plan (MCSCCP), Civil Service Reg 5.10(3)(D)(1)(a) retiring employees of the state of Michigan hired before October 1, 1980, typically receive a lump-sum payment for their accumulated sick leave from which income tax is withheld. In 1996, however, the Legislature, by amending the State Employees Retirement Act (SERA), MCL 38.1 *et seq.*, created an early retirement program of limited duration for some senior state employees. This legislation, which was designed to encourage early retirement by enhancing certain retirement benefits, also provided that the payment of accumulated sick leave time to these early retirants[2] was to be made not in a lump sum as was usual, but rather in sixty consecutive equal monthly payments.[3] The state, consistent with its handling of other retirants accumulated sick leave pay, was of the view that these payments were subject to withholding for state and local tax purposes.

_____

[2] A "retirant," as defined by MCL 38.1h(2), is "a person who has ceased to be a member of the retirement system by reason of retirement with a pension or retirement allowance payable from the funds of the retirement system."

[3] MCL 38.19f(3) provides:

> Any amount that a member retiring under this section would otherwise be entitled to receive in a lump sum at retirement on account of accumulated sick leave shall be paid in 60 consecutive equal monthly installments.

Plaintiffs, representing a class of former employees who retired under the early retirement program, sued the state and the Department of Treasury in the Court of Claims arguing that taxes could not be withheld from these payments because such withholding was prohibited by MCL 38.40(1) of the SERA.[4]

The Court of Claims agreed and granted plaintiffs' motion for summary disposition. The Court of Appeals affirmed in a two-to-one decision. 247 Mich App 507; 638 NW2d 417 (2001). Defendants seek leave to appeal.

### III

The grant or denial of summary disposition by a trial court is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). This matter also presents an issue of statutory interpretation. In construing a statute, it is our obligation to review the words of the statute and give the words used their plain and ordinary meanings. *Herald Co v Bay City,* 463 Mich 111, 117-118; 614 NW2d 873 (2000).

### IV

The amendment of the SERA, at § 40(1), states that any

---

[4] MCL 38.40(1) provides:

> The right of a person to a pension, an annuity, a retirement allowance, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, the various funds created by this act, and all money and investments and income of the funds, are exempt from any state, county, municipal, or other local tax . . . .

right accrued or accruing to a person under the act is not taxable. Plaintiffs contend this language precludes taxation of these payments. However, this statute did not create a right to receive a lump-sum payment for accumulated sick leave. That right had earlier been created under the MCSCCP. The SERA, at § 19f(3), only altered the *manner* of payment. When the plaintiffs accepted the state's offer of early retirement, with its attendant benefits, they also agreed to a "give-back" that allowed the sick leave payment to be made over a sixty-month period, rather than being paid off at the time of retirement. This concession did not create a right that accrued to plaintiffs under the SERA. Therefore the tax exemption provided under § 40(1) does not apply to the monthly payments for accumulated sick leave under § 19(f).

Plaintiffs also contend that taxation of payments for accumulated sick leave is a diminishment of a contractual benefit and as such is a violation of Const 1963, art 9, § 24, which provides that accrued financial benefits of each pension plan and retirement system of the state shall be a contractual obligation that shall not be diminished or impaired. However, plaintiffs cannot argue that their benefits were impaired or diminished because these payments were subject to tax and paid over a sixty-month period in light of the fact that they agreed to this alteration and thus waived their constitutional right under Const 1963, art 9, § 24. There is no question

4

that constitutional right can be contractually relinquished,[5] and plaintiffs waived their right when they agreed to retire under the conditions set forth in the act.

IV

The judgment of the Court of Appeals is reversed. The matter is remanded to the Court of Claims for entry of judgment in favor of defendants. The motion for peremptory reversal filed by the defendants is denied as moot.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ., would not dispose of this case by an opinion per curiam, but would grant leave to appeal.

---

[5] *Snepp v United States,* 444 US 507; 100 S Ct 763; 62 L Ed 2d 704 (1980); *Haig v Agee,* 453 US 280; 101 S Ct 2766; 69 L Ed 2d 640 (1981).