**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED OCTOBER 22, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                    No. 121355

JOHN V. JONES,

    Defendant-Appellant.

_____

PER CURIAM

Defendant has applied for leave to appeal from the Court of Appeals order directing the trial court to immediately revoke his bond. He argues that his pending application for a writ of habeas corpus in a federal court is an "appeal" for the purpose of MCL 770.8, so that he remains entitled to be free on bond. We hold that an application for a writ of habeas corpus is not an appeal within the meaning of MCL 770.8. We thus affirm the judgment of the Court of Appeals.

In 1999, defendant conditionally pleaded guilty[1] to a charge of possessing 225 or more grams, but less than 650 grams, of cocaine in violation of MCL 333.7403(2)(a)(ii), and the court sentenced him to a seven-and-one-half to thirty-year term of imprisonment.  The plea agreement permitted defendant to appeal the legality of a search warrant that led to the discovery of the cocaine.  The agreement also permitted defendant to remain free on bond "pending appeal."  The trial court accepted the plea, sentenced defendant in accordance with the agreement, and entered an order that permitted him to be free on bond of $50,000 or ten percent pending appeal.

The Court of Appeals denied defendant's application for leave to appeal for lack of merit in the grounds presented.[2] This Court also denied leave to appeal.[3]  Defendant then petitioned the United States Supreme Court for a writ of

---

[1]Conditional pleas are permitted under MCR 6.301(C)(2) (permitting conditional pleas to preserve for appeal specified pretrial rulings and entitling the defendant to withdraw his plea if the specified pretrial ruling is overturned on appeal); see also *People v Reid*, 420 Mich 326; 362 NW2d 655 (1984).

[2]Unpublished order, entered August 30, 2000 (Docket No. 228299).

[3]463 Mich 976; 623 NW2d 599, reconsideration den 463 Mich 976 (2001).

certiorari, which it denied.[4]

The prosecutor then moved in the trial court to revoke defendant's bond. While that motion was pending, defendant filed an application for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 2254. The prosecutor argued before the trial court that the federal habeas corpus proceeding was an independent civil action rather than a continuation of direct appellate review, and that the trial court therefore no longer had authority to continue bond. The trial court denied the prosecutor's motion, but increased defendant's bond to $100,000.

The prosecutor then filed an emergency application for leave to appeal in the Court of Appeals. The Court of Appeals reversed and ordered the trial court to immediately revoke defendant's bond and remand him to the custody of the Department of Corrections.[5] Defendant then filed in this Court an application for leave to appeal and a motion for stay of proceedings. We denied the motion for stay while we

_____

[4]*Jones v Michigan*, 534 US 954; 122 S Ct 354; 151 L Ed 2d 267 (2001).

[5]Unpublished order, entered April 4, 2002 (Docket No. 239673), clarified, unpublished order, entered April 22, 2002 (clarifying that the prior order had immediate effect under MCR 7.215[F][2]).

3

considered the application for leave to appeal.[6]  We now affirm.

II

Defendant argues that he is entitled to remain at liberty during the pendency of his application for a writ of habeas corpus because the federal proceeding is an appeal for the purpose of MCL 770.8.

This case presents an issue of statutory interpretation that we review de novo.  *Lesner v Liquid Disposal, Inc*, 466 Mich 95, 99; 643 NW2d 553 (2002).

MCL 770.8 provides:

> During the time between the trial court judgment and the decision of the court to which an appeal is taken, the trial judge may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter.

This provision permits bail only *during* the process of *appeal*. The statute does not define the word "appeal," so we may consult a dictionary to ascertain the meaning of the term. *Consumers Power Co v Public Service Comm*, 460 Mich 148, 163, n 10; 596 NW2d 126 (1999) (citing MCL 8.3a).  The Legislature requires that "technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law,

---

[6]644 NW2d 762 (2002).

4

shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a. Because "appeal" is a legal term of art, resort to a legal dictionary to determine its meaning is appropriate. See *Consumers Power*, 460 Mich 163. An "appeal" is "[r]esort to a superior (i.e., appellate) court to review the decision of an inferior (i.e., trial) court or administrative agency. A complaint to a higher tribunal of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed." Black's Law Dictionary (6th ed).

This definition does not describe the instant relationship in which state courts are not "inferior" to or "lower" than federal courts, and federal courts are not "superior" to or "higher" than state courts. Rather, such courts constitute separate systems of justice.

28 USC 2254 does not grant federal courts the power of appellate review of state court convictions. Rather, it provides for an original proceeding in a federal court challenging the custody of a person who is detained under a judgment of a state court. It sets forth a process of "application" for a writ and denominates one who seeks a writ as an "applicant" rather than an "appellant." In short, the statute does not provide for direct or appellate review of the

5

state court judgment of conviction and sentence.  28 USC 2254(a)-(h).

Moreover, as the United States Supreme Court has explained:

> The whole history of the writ—its unique development—refutes a construction of the federal courts' habeas corpus powers that would assimilate their task to that of courts of appellate review. The function on habeas is different. It is to test by way of an original civil proceeding, independent of the normal channels of review of criminal judgments, the very gravest allegations.  State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.  [*Townsend v Sain*, 372 US 293, 311-312; 83 S Ct 745; 9 L Ed 2d 770 (1963), overruled in part on other grounds *Keeney v Tamayo-Reyes*, 504 US 1; 112 S Ct 1715; 118 L Ed 2d 318 (1992).]

Similarly, Michigan case law has long distinguished applications for the writ of habeas corpus from appeals from criminal proceedings:

> Habeas corpus is a civil proceeding the main purpose of which is to cause the release of persons illegally confined, to inquire into the authority of law by which a person is deprived of his liberty.  Application for the writ of habeas corpus is not made in the criminal proceedings; it is made in a new and independent civil action instituted to enforce a civil right, the right to liberty. [*People v McCager*, 367 Mich 116, 121; 116 NW2d 205 (1962)(citations omitted).]

See also *In re Palm*, 255 Mich 632, 634; 238 NW 732 (1931) ("The writ of *habeas corpus* cannot function as a writ of

6

error").

A federal district court considering an application under 28 USC 2254 is simply a trial court exercising original jurisdiction over an application for a writ authorized under federal law.  See 28 USC 1331.  That its habeas corpus jurisdiction permits it, under carefully defined circumstances, to scrutinize state court proceedings for alleged violations of the United States Constitution and federal laws does not transform the federal district court into a superior appellate court with jurisdiction to reverse the judgment of a prisoner's conviction. Rather, its power is limited to granting a writ that compels the release of the prisoner from unlawful detention.

Accordingly, we hold that an application for a writ of habeas corpus does not constitute a  criminal "appeal" within the meaning of MCL 770.8.  A court's authority to grant a bond under MCL 770.8 is limited to the time *during* the appellate process, and federal habeas corpus proceedings are not a continuation of that process.

### III

For the foregoing reasons we affirm the judgment of the Court of Appeals.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and

7

MARKMAN, JJ., concurred.