653 N.W.2d 180 (2002)
John T. STONE and Phillip M. Stevens, Plaintiffs-Appellees,
v.
STATE of Michigan and Department of Treasury, Defendants-Appellants.
Docket No. 120211, COA No. 217485.
Supreme Court of Michigan.
November 19, 2002.
In this cause a motion for rehearing is considered and it is hereby DENIED.
MARKMAN, J., concurring.
I concur in the decision to deny plaintiffs' motion for rehearing. This Court's per curiam opinion concluded that monthly accumulated sick leave payments made to those who retired under the state's 1996 early retirement program are not tax exempt. Because the right to receive reimbursement for accumulated sick leave was established under the Michigan Civil Service Commission Compensation Plan *181 (MCSCCP), the provision of the State Employees Retirement Act (SERA) providing for tax exemption for any right accrued or accruing to any person under it would not apply to the accumulated sick leave payments. The only relevant thing that the SERA did was to provide that payment for accumulated sick leave would not be made in a lump-sum payment as it had been before, but rather would be paid in sixty consecutive equal monthly installments.
In their motion for rehearing, plaintiffs recognize that the single lump-sum payment for accumulated sick leave that retiring employees received before the amendment of the SERA was subject to taxation. However, plaintiffs broadly assert that any benefits paid pursuant to the SERA should be tax exempt. As indicated in our opinion, retiring employees' right to payment for accumulated sick leave accrued under the MCSCCP, and not under the SERA. The amendment to the SERA "only altered the manner of payment." 467 Mich. 288, 291, 651 N.W.2d 64 (2002). Contrary to plaintiffs' assertion, the Court's opinion does not render as "surplusage" the statutory provision providing that accumulated sick leave shall be paid in sixty consecutive equal monthly installments. The Court's opinion in no way affects retiring state employees' ability to be paid in such installments. Rather, the opinion merely clarifies that, because the right to such payments accrued under the MCSCCP, the payments are subject to withholding for state and local taxes.
In addition, plaintiffs dispute the Court's finding that they waived their constitutional claim pursuant to Const 1963, art 9, § 24, which provides that the accrued financial benefits of each state pension plan and retirement system shall be a contractual obligation that shall not be diminished or impaired. However, in my judgment, the Court correctly addressed the waiver issue by observing that retiring employees, by electing to take early retirement under the provisions of the act, effectively agreed to the conditions of the act and thereby knowingly waived this right under the Constitution.
Finally, although plaintiffs suggest that the Court improperly decided this case by per curiam opinion, such a disposition was appropriate because this case involved the interpretation of relatively uncomplicated and straightforward statutory provisions.
CAVANAGH and KELLY, JJ., would grant rehearing and would grant leave to appeal.