PEOPLE v MARTIN

Docket No. 243008. Submitted June 10, 2003, at Detroit. Decided July 8, 2003, at 9:10 A.M. Leave to appeal sought.

George H. Martin, III, pleaded guilty to one count of larceny from a person, MCL 750.357, in the Oakland Circuit Court, Alice L. Gilbert, J. The trial court sentenced the defendant as a second-offense habitual offender, MCL 769.10, to ten months' imprisonment in the Oakland County Jail. The prosecution appealed by leave granted, arguing that the trial court erred as a matter of law in sentencing the defendant to a determinate jail term for his felony offense.

The Court of Appeals *held*:

It was stipulated that the appropriate sentencing guidelines range, as set forth in the legislative sentencing guidelines, for the defendant's offense was five to twenty-eight months' imprisonment. MCL 769.34(4)(c)(ii) provides that if the upper limit of the recommended minimum sentence exceeds eighteen months and the lower limit of the recommended minimum sentence is twelve months or less, the court shall, absent a departure, sentence the offender to an intermediate sanction that may include a term of imprisonment of not more than twelve months. The definition of "intermediate sanction" includes, as a specific example of such a sanction, "jail." MCL 769.31(b)(viii). Thus, under either statute, the trial court did not err as a matter of law in sentencing the defendant to a determinate jail term of ten months. Although the Court of Appeals has held that a determinate sentence is inappropriate for a felony offense under MCL 769.8, it is clear that under the new legislative sentencing guidelines, the Legislature created an exception to MCL 769.8, and intended to give the courts more discretion in sentencing less serious offenders, including the imposition of intermediate sanctions.

Affirmed.

MURRAY, J., concurring, wrote separately to state that the defendant was entitled to an intermediate sanction under MCL 769.34(4)(c)(ii), that an intermediate sanction is defined by MCL 769.31(b) as probation or any sanction other than imprisonment in a state prison or state reformatory that may lawfully be imposed, and that under MCL 769.10(2) a court must only impose an indeter-

minate sentence if the court imposes a sentence that is for a term of years. In this case, the trial court did not sentence the defendant to imprisonment for a term of years. Thus, the indeterminate-sentencing requirement was inapplicable and the defendant's straight jail term is a permissible form of intermediate sanction under MCL 769.31(b).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*David S. Newman* for the defendant.

Before: OWENS, P.J., and BANDSTRA and MURRAY, JJ.

PER CURIAM. Defendant Gregory H. Martin, III, pleaded guilty to one count of larceny from a person, MCL 750.357. Defendant entered his plea after the trial court made a preliminary sentence evaluation[1] that he would be sentenced to a "county jail" term, rather than imprisonment in a state prison. Ultimately, the trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to ten months' imprisonment in the Oakland County Jail. The prosecution appeals by leave granted. We affirm.

The prosecution contends that the trial court erred as a matter of law in sentencing defendant to a determinate jail sentence.[2] We review questions of law de novo. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). This standard of review also applies to our

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] In contrast, an "indeterminate sentence" is one with a minimum and maximum term of imprisonment. Article 4, § 45 of the Michigan Constitution states that our Legislature "may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences."

interpretation of the several statutes relevant to this case. *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002).

MCL 750.357 authorizes a trial court to sentence a defendant to "imprisonment in the state prison not more than 10 years." MCL 769.10(1)(a) provides that a trial court sentencing a second-offense habitual offender "may place the person on probation or sentence the person to imprisonment for a maximum term that is not more than 1½ times the longest term prescribed for a first conviction of that offense or for a lesser term." Thus, for violating MCL 750.357, defendant faced a maximum term of fifteen years' imprisonment.

Because the instant offense occurred after January 1, 1999, the trial court was required to sentence defendant under the legislative sentencing guidelines, MCL 777.1 *et seq.* MCL 769.34. Indeed, MCL 777.16r provides that the legislative sentencing guidelines apply to a violation of MCL 750.357. Here, the appropriate sentencing guidelines range was five to twenty-eight months' imprisonment. MCL 769.34(4) provides, in part, as follows:

> (c) If the upper limit of the recommended minimum sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:
>
> (i) To imprisonment with a minimum term within that range.
> (ii) To an intermediate sanction that may include a term of imprisonment of not more than 12 months.

Although inartfully drafted, this statutory provision gives the trial court discretion to either sentence a

defendant to a term of imprisonment within the guidelines range or impose an intermediate sanction.[3]

Because defendant's sentencing guidelines range was five to twenty-eight months' imprisonment, MCL 769.34(4)(c)(*ii*) plainly authorized the trial court to sentence defendant to a term of imprisonment within the sentencing range; a term of imprisonment of not more than twelve months; or any other intermediate sanction. MCL 769.31(b) defines "intermediate sanction" as "probation or any other sanction, other than imprisonment in a state prison or state reformatory, that may be lawfully imposed." The subsection lists specific examples of an intermediate sanction, such as "[p]robation with jail," MCL 769.31(b)(*iv*), and "[j]ail," MCL 769.31(b)(*viii*). Therefore, whether based on MCL 769.34(4)(c)(*ii*) or MCL 769.31(b)(*viii*), the trial court did not err as a matter of law in imposing a ten-month term of imprisonment in jail.

However, as noted above, the prosecution contends that the trial court erred in imposing a *determinate* jail sentence for this felony offense. Indeed, we have

---

[3] In contrast, MCL 769.34(4)(a) provides that where the upper limit of the sentencing guidelines range is eighteen months or less, the trial court must impose an intermediate sanction, absent substantial and compelling reasons to depart from the guidelines. If the scoring of defendant's prior record variables had been twenty less—which would have been the case but for his concurrent and subsequent convictions of other offenses—defendant's sentencing range would have been zero to thirteen months' imprisonment. If so, the trial court would have been required by MCL 769.34(4)(a) to impose an intermediate sanction. In fact, MCL 769.34(4)(a) provides that an "intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less." It logically follows that where, as here, the scoring of the variables suggests a more serious violation, our Legislature did not mandate an intermediate sanction, but instead allowed the trial court discretion to either impose an intermediate sanction or adhere to the ordinary requirement of imprisonment in the state prison.

held that a determinate jail sentence for a felony is improper under MCL 769.8, which provides that where a "punishment prescribed by law for that offense may be imprisonment in a state prison, the court imposing sentence shall not fix a definite term of imprisonment . . . ." See *People v Austin*, 191 Mich App 468, 469-470; 478 NW2d 708 (1991); see also *People v Weaver*, unpublished opinion per curiam of the Court of Appeals, issued January 14, 2000 (Docket No. 213501). However, those decisions involved sentences imposed under the permissive judicial sentencing guidelines, rather than sentences imposed under the mandatory legislative sentencing guidelines. By expressly providing for "intermediate sanctions" in a subcategory of cases with a relative lack of severity, our Legislature plainly created an exception to MCL 769.8 by enlarging the trial court's sentencing discretion including imposing "intermediate sanctions" for offenses that otherwise might have required imprisonment in state prison. MCL 769.34(4)(c)(*ii*). Thus, while our Legislature enacted a statutory sentencing scheme that provides greater uniformity for sentences involving the most serious offenses and offenders, it also provided trial courts with greater discretion regarding sentences for offenses and offenders on the other end of the continuum. Therefore, were we to apply *Austin* and similar cases to our current sentencing scheme, we would negate our Legislature's attempt to provide the trial court with the discretion to sentence less serious offenders to intermediate sanctions.

In addition, we reject the prosecution's assertion that a determinate sentence was not an appropriate "intermediate sanction" because it could not "lawfully

be imposed" under MCL 750.357, which expressly provides for imprisonment in a state prison. By its own terms, MCL 769.31(b)(*viii*) provides that "jail" is a lawful "intermediate sanction." Accordingly, the trial court's ruling did not negate any statutory language, but merely recognized that our Legislature created an exception in less serious cases. In other words, the trial court's ruling gave proper effect to MCL 769.34(4)(c). Consequently, the trial court did not err as a matter of law in imposing a determinate jail sentence. *Riddle, supra* at 124; *Jones, supra* at 304.

Affirmed.

MURRAY, J., (*concurring*). We granted leave in this case to decide whether it is unlawful for a trial court to sentence a second-offense habitual offender to a straight jail term as an intermediate sanction under the statutory sentencing guidelines, MCL 769.34(4)(c)(ii). Under the controlling statutes, an indeterminate sentence must be imposed upon a second-offense habitual offender only when the court sentences a defendant to imprisonment for a "term of years," MCL 769.10(2), and therefore, a straight jail term is a permissible form of intermediate sanction under MCL 769.31(b). I write separately, however, to specifically address the prosecution's argument under MCL 769.31(b).

Resolution of this case requires us to apply several different provisions of our state sentencing statutes to the facts presented before the trial court, a task we perform utilizing a de novo standard of review. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001). "In construing a statute, it is our obligation to review the words of the statute and give the words used their plain and ordinary meanings." *Stone v Michigan,*

467 Mich 288, 291; 651 NW2d 64 (2002), citing *Herald
Co v Bay City*, 463 Mich 111, 117-118; 614 NW2d 873
(2000). It is likewise our duty to read statutes dealing
with the same subject matter in pari materia, that is,
to interpret them consistently with each other, so
long as the language in the statutes permit such a
construction. *People v Webb*, 458 Mich 265, 274; 580
NW2d 884 (1998). It is equally clear that we must give
effect to all words and provisions within a statute, so
as to avoid a construction that renders any part of a
statute nugatory. *Pohutski v City of Allen Park*, 465
Mich 675, 683-684; 641 NW2d 219 (2002).

There are several statutes that must be considered
in resolving this issue. As noted, the maximum pun-
ishment for the felony committed by defendant is ten
years in a state prison. MCL 750.357. However,
because defendant is a second-offense habitual
offender, MCL 769.10(1)(a) sets forth the additional
sentencing options of probation or a maximum sen-
tence of 1½ times the maximum for a first conviction.
This section provides, in pertinent part:

> (1) If a person has been convicted of a felony or an
> attempt to commit a felony, whether the conviction
> occurred in this state or would have been for a felony or
> attempt to commit a felony in this state if obtained in this
> state, and that person commits a subsequent felony within
> this state, *the person shall be punished upon conviction of
> the subsequent felony and sentencing under section 13 of
> this chapter as follows:*
>
> (a) If the subsequent felony is punishable upon a first
> conviction by imprisonment for a term less than life, the
> court, except as otherwise provided in this section or sec-
> tion 1 of chapter XI, may place the person on probation or
> sentence the person to imprisonment for a maximum *term*
> that is not more than 1½ times the longest term prescribed

for a first conviction of that offense or for a lesser *term*. [*Id.* (emphasis added).]

MCL 769.10(2) provides that if the court decides to impose a sentence of imprisonment for any "term of years" under 769.10(1)(a), the sentence "shall" be an indeterminate one:

If the court pursuant to this section imposes a sentence of imprisonment for any *term of years*, the court shall fix the length of both the minimum and maximum sentence within any specified limits in *terms of years* or a fraction of a year and the sentence so imposed shall be considered an indeterminate sentence. [Emphasis added.]

In this case, rather than sentencing defendant to either probation (which could also include jail time) or an indeterminate sentence of imprisonment for a "term of years," the trial court sentenced defendant to a straight ten months in the county jail.

I agree that defendant was entitled to an intermediate sanction because it was stipulated before the trial court that his sentence was scored under the sentencing guidelines as five to twenty-eight months. MCL 769.34(4)(c)(ii) provides:

(4) Intermediate sanctions shall be imposed under this chapter as follows:

(c) If the upper limit of the recommended minimum sentence exceeds 18 months, and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:

(i) To imprisonment with a minimum term within that range.

(ii) To an *intermediate sanction* that may include a term of imprisonment of not more than twelve months. [Emphasis added.]

However, "intermediate sanction" is specifically defined as "probation or any sanction, other than imprisonment in a state prison or state reformatory, *that may lawfully be imposed.*" MCL 769.31(b) (emphasis added).

The question left unanswered by the majority is whether an intermediate sanction of straight jail time "may lawfully be imposed" when the habitual-offender statute *requires* a court to give an indeterminate sentence once the court decides to sentence a second-offense habitual offender to a "term of years." In my view, by giving effect to both statutory provisions, the answer is that a straight jail term can be lawfully imposed on a second-offense habitual offender.[1]

The caveat within MCL 769.31(b) that the intermediate sanction must be one that can "lawfully be imposed" ensures that other sentencing provisions enacted by the Legislature for a particular circumstance are given effect. Thus, in this case, because defendant is a second-offense habitual offender, the trial court was required, when determining the lawfulness of an intermediate sanction, to consider the indeterminate sentence requirement of MCL 769.10(2). By doing so, the provisions within both statutes are given full effect. *Webb, supra; Pohutski, supra.*

As noted, under MCL 769.10(2), a court must only impose an indeterminate sentence *if* the court

---

[1] The majority correctly notes that the ten-year maximum sentence under MCL 750.357 does not render use of the intermediate sanction unlawful because the Legislature specifically included MCL 750.357 within the crimes to which the guidelines are applicable. MCL 777.16r. There is no such provision for habitual offenders.

imposes a sentence that is for a term *"of years."* Imposing a "term of years" is discretionary, which is made clear by both the language of MCL 769.10(2) ("If the court . . .") and MCL 769.10(1)(a), which provides the court with the sentencing options of either (1) probation, (2) imprisonment, which can be for a maximum "term"[2] of no more than 1½ times the maximum for a first conviction, or (3) imprisonment for a "lesser term."[3] Thus, by following the plain, straightforward words of these statutes, it appears that the Legislature desired indeterminate sentences only when a court imposed a sentence consisting of a "term of years," MCL 769.10(2), but that a court could, in sentencing a second-offense habitual offender, impose a sentence of imprisonment for a "term," with the only caveat being that it not exceed 1½ times the maximum sentence for the first conviction.[4]

In this case, the trial court did not sentence defendant to imprisonment for a "term of years," and, hence, the indeterminate-sentencing requirement was inapplicable. Rather, the trial court followed the applicable sentencing guidelines, which allowed for an intermediate sanction and which was lawfully imposed, because the court could impose straight jail time as a lesser "term" under MCL 769.10(1)(a). For these reasons, I believe the trial court lawfully imposed the sentence on defendant.

---

[2] Not "term of years" as provided in MCL 769.10(2).

[3] Again, not for a lesser "term of years," but a lesser "term."

[4] The prosecution's reliance on *People v Bewersdorf*, 438 Mich 55, 60 n 5; 475 NW2d 231 (1991), is misplaced, because the reference in footnote five was obiter dictum since the Court recognized the sentencing issue under MCL 769.10(2) was not raised on appeal.