*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

v

ARMOND PINSON,

   Defendant-Appellee.

FOR PUBLICATION
December 1, 2022
9:00 a.m.

No. 356624
Ottawa Circuit Court
LC No. 20-043663-FH

## ON REMAND

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

GLEICHER, C.J.

MCL 769.8(1) requires the imposition of an indeterminate sentence for first-time felony offenses that are punishable by a term of imprisonment. Although other provisions of the sentencing chapter of the criminal code permit courts to deviate from the sentencing guidelines and to impose intermediate sanctions in lieu of a prison sentence, the trial court in this case did not abide by those provisions. Instead, the court imposed an impermissible determinate six-month jail term for a serious sexual offense. In *People v Pinson*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356624) (*Pinson I*), we vacated Armond Pinson's sentence for this reason, but also because MCL 769.31 no longer considers jailtime as an intermediate sanction. The Supreme Court vacated *Pinson I*, because this statutory change did not take effect until after Pinson committed his offense, entered a plea, and was sentenced. *People v Pinson*, ___ Mich ___; ___ NW2d ___ (2022) (Docket No. 164465) (*Pinson II*). We continue to find error on other grounds cited in *Pinson I*. Accordingly, we vacate Pinson's sentence and remand for resentencing.

## I. BACKGROUND

We succinctly outlined the factual and procedural background of this case in *Pinson I*, ___ Mich App at ___, slip op at 1-2, and readopt that recitation here.

In August 2017, 21-year-old Armond Pinson had sexual intercourse with 14-year-old TRH on three occasions, once while the young girl was unconscious. When TRH informed Pinson that she was pregnant, Pinson initially vowed to be there for mother and child. Realizing the criminality

-1-

of his conduct, however, Pinson went back on his word and blocked TRH on all forms of communication. After Pinson was proved to be the father of TRH's baby, the prosecution charged him with one count of third-degree criminal sexual conduct (CSC-III) in violation of MCL 750.520d(1)(a) (sexual penetration of a person between the ages of 13 and 16). Pinson pleaded guilty as charged.

Pinson's minimum sentencing guidelines range was originally calculated at 24 to 40 months, but the court agreed with the prosecutor that the correct, adjusted range was 21 to 35 months. The trial court departed from that range and imposed a six-month jail term rather than a prison sentence with a minimum and maximum term. In doing so, the court noted that another man had intercourse with TRH during the same timeframe and was not criminally charged. The court further reasoned that Pinson suffered from a "terribly disabling" eye condition that required "some special round-the-clock care," including "drops and appropriate protection of the eye from light sources." The court opined that the prisons were not equipped to manage this care.

The prosecution sought resentencing, contending that the court was required to impose an indeterminate sentence with a minimum and maximum term under MCL 769.8(1). Pinson, on the other hand, relied on *People v Martin*, 257 Mich App 457; 688 NW2d 397 (2003), to support that a six-month jail term was a permissible intermediate sanction. The court affirmed its sentence, finding that the Legislature essentially left open an exception to MCL 769.8(1) for felony offenses with sentencing grids that permitted intermediate sanctions. CSC-III is a Class B offense, MCL 777.63, and the Class B sentencing grid includes three straddle cells permitting intermediate sanctions. And MCL 769.28 permits a sentence under a year to be served in jail unless there is a provision of the law to the contrary. Accordingly, the court determined, the six-month jail term it imposed was not in error.

## II. ANALYSIS

Determining the propriety of the six-month jail term imposed in this case requires the interpretation of several sentencing statutes.

> In interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In doing so, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017) (quotation marks and citations omitted).]

Michigan has had an indeterminate sentencing statute in place since the enactment of 1903 PA 452. See *People v McFarlin*, 389 Mich 557, 568 n 10; 208 NW2d 504 (1973).[1] MCL 769.8(1) has provided at all relevant times:

---

[1] As described by the Supreme Court,

When a person is convicted for the first time for committing a felony and the punishment prescribed by law for that offense may be imprisonment in a state prison, the court imposing sentence *shall not fix a definite term of imprisonment, but shall fix a minimum term*, except as otherwise provided in this chapter. The maximum penalty provided by law shall be the maximum sentence in all cases except as provided in this chapter and shall be stated by the judge in imposing the sentence. [Emphasis added.]

CSC-III is "a felony" and "the punishment prescribed by law" for CSC-III is "imprisonment for not more than 15 years." MCL 750.520d(2). Accordingly, a sentence for CSC-III falls with the parameters of MCL 769.8(1). An indeterminate sentence with a minimum and maximum term must be imposed "except as otherwise provided in this chapter." MCL 769.8(1).

MCL 769.34(3)(a) permits a court to "depart from the appropriate sentence range . . . if the departure is reasonable and the court states on the record the reasons for the departure." The trial court and Pinson posit that a departure sentence of six months' incarceration was appropriate in this case because the sentencing grid for Class B offenses includes straddle cells that permit intermediate sanctions. However, the plain language of MCL 769.8(1) still requires the imposition of an indeterminate sentence with a set minimum and maximum term.

MCL 769.34(4) requires a court to impose intermediate sanctions under the following circumstances:

(a) If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in chapter XVII is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record reasonable grounds to sentence the individual to incarceration in a county jail for not more than 12 months or to the jurisdiction of the department of corrections for any sentence over 12 months.

* * *

(c) If the upper limit of the recommended minimum sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:

(*i*) To imprisonment with a minimum term within that range.

---

The design of the indeterminate sentence law is to reform criminals and to convert bad citizens into good citizens, and thus protect society. In order to accomplish this result, the theory is that, when the prisoner has shown by his conduct that he may turn from his criminal career, he should have an opportunity, under favorable circumstances, to make the test. [*People v Cook*, 147 Mich 127, 132; 110 NW 514 (1907).]

(*ii*) To an intermediate sanction with or without a term of jail incarceration of not more than 12 months.

MCL 769.31(b), as amended by 2020 PA 395, took effect on March 24, 2021, and currently defines "intermediate sanctions" as "probation or any sanction, *other than imprisonment in a county jail,* state prison, or state reformatory, that may lawfully be imposed." (Emphasis added.) The statute includes a long list of possible sanctions, including probation and rehabilitation programs. Jail is not among the options. At the time of Pinson's offense, plea entry, and sentencing, however, imprisonment in a county jail was not excluded as an intermediate sentence. See MCL 769.31(b), as amended by 2004 PA 220.[2]

MCL 771.1(1) precluded the trial court from considering the intermediate sanction of probation for this CSC conviction.[3] Pinson's minimum guidelines range was 21 to 35 months. As the lower end was not less than 12 months, MCL 769.34(c) does not apply to this case. And MCL 769.8(1) required imposition of an indeterminate sentence, even if the court determined that a downwardly departing sentence was warranted.

---

[2] MCL 769.31(b), as amended by 2002 PA 220, provided:

"Intermediate sanction" means probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed. Intermediate sanction includes, but is not limited to, 1 or more of the following:

\* \* \*

(iv) Probation with jail.

\* \* \*

(viii) Jail.

(ix) Jail with work or school release.

(x) Jail, with or without authorization for day parole under . . . MCL 801.251 to 801.258. . . .

[3] MCL 771.1(1) provides:

In all prosecutions for felonies, misdemeanors, or ordinance violations other than murder, treason, *criminal sexual conduct in the first or third degree*, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer. [Emphasis added.]

Pinson relied upon the 2003 case of *People v Martin*, 257 Mich App 457; 668 NW2d 397 (2003), to support the validity of a six-month jail term for his CSC-III conviction. In *Martin*, 257 Mich App at 458, the defendant pleaded guilty to one count of larceny from a person. His minimum sentencing guidelines range was 5 to 28 months and the court sentenced the defendant to a determinate jail term of 10 months. *Id*. at 458-459. Because "the upper limit of the recommended minimum sentence exceed[ed] 18 months and the lower limit of the recommended minimum sentence [was] 12 months or less," MCL 769.34(4)(c) applied. *Martin*, 257 Mich App at 459. This Court described, "this statutory provision gives the trial court discretion to either sentence a defendant to a term of imprisonment within the guidelines range or impose an intermediate sanction." *Id*. at 459-460. The trial court therefore could impose an intermediate sanction.

In *Martin*, 257 Mich App at 460, as here, "the prosecution contend[ed] that the trial court erred in imposing a *determinate* jail sentence for this felony offense." This Court affirmed the determinate sentence as follows:

> Indeed, we have held that a determinate jail sentence for a felony is improper under MCL 769.8, which provides that where a "punishment prescribed by law for that offense may be imprisonment in a state prison, the court imposing sentence shall not fix a definite term of imprisonment . . . ." See *People v Austin*, 191 Mich App 468, 469-470; 478 NW2d 708 (1991); see also *People v Weaver*, unpublished per curiam opinion of the Court of Appeals, issued January 14, 2000 (Docket No. 213501). However, those decisions involved sentences imposed under the permissive judicial sentencing guidelines, rather than sentences imposed under the mandatory legislative sentencing guidelines. By expressly providing for "intermediate sanctions" in a subcategory of cases with a relative lack of severity, our Legislature plainly created an exception to MCL 769.8 by enlarging the trial court's sentencing discretion including imposing "intermediate sanctions" for offenses that otherwise might have required imprisonment in state prison. MCL 769.34(4)(c)(*ii*). Thus, while our Legislature enacted a statutory sentencing scheme that provides greater uniformity for sentences involving the most serious offenses and offenders, it also provided trial courts with greater discretion regarding sentences for offenses and offenders on the other end of the continuum. Therefore, were we to apply *Austin* and similar cases to our current sentencing scheme, we would negate our Legislature's attempt to provide the trial court with the discretion to sentence less serious offenders to intermediate sanctions.
>
> In addition, we reject the prosecution's assertion that a determinate sentence was not an appropriate "intermediate sanction" because it could not "lawfully be imposed" under MCL 750.357, which expressly provides for imprisonment in a state prison. By its own terms, MCL 769.31(b)(*viii*) provides that "jail" is a lawful "intermediate sanction." Accordingly, the trial court's ruling did not negate any statutory language, but merely recognized that our Legislature created an exception in less serious cases. In other words, the trial court's ruling gave proper effect to MCL 769.34(4)(c). Consequently, the trial court did not err as a matter of law in imposing a determinate jail sentence. [*Martin*, 257 Mich App at 460-462.]

The legislative sentencing guidelines have returned to an advisory, rather than mandatory, role. Accordingly, unlike in *Martin*, the analysis of *Austin* and *Weaver* under an advisory guideline scheme is relevant. Given these changes in the law, *Martin* is inapposite, and the cases *Martin* rejected are actually on point. Moreover, the defendant's minimum sentencing guidelines range in *Martin* was only 5 to 28 months. Accordingly, unlike Pinson, the defendant in *Martin* was entitled to be sentenced under MCL 769.34(4)(c), including the potential for an intermediate sanction.

In *Austin*, 191 Mich App at 468-469, the defendant pleaded guilty to armed robbery, a felony punishable by imprisonment for life or any term of years. The trial court sentenced the defendant to one year in jail. *Id*. at 468. This Court vacated that sentence, in part, as violative of MCL 769.8, reasoning:

> Under the indeterminate sentence statute, when sentencing a defendant to a term of years for the offense of armed robbery, the sentencing judge must not fix a definite term of imprisonment. MCL 769.8. A defendant convicted of armed robbery must be sentenced on an indeterminate basis, with the sentencing judge setting both the minimum and maximum terms of imprisonment. MCL 769.9(2); MCL 750.529. The maximum sentence that may be imposed for the offense of armed robbery is imprisonment in state prison for life or any term of years. MCL 750.529; *People v Blythe*, 417 Mich 430, 434; 339 NW2d 399 (1983). However, the minimum sentence for armed robbery could be less than a year in state prison. *Id*.
>
> It is clear from the statutory scheme that a sentencing judge must sentence a defendant convicted of armed robbery to life imprisonment or an indeterminate prison sentence. In this case, the sentence imposed was a determinate sentence of one year in the county jail. This sentence was improper because it did not provide a minimum and maximum term of imprisonment and it did not require defendant to serve his sentence in state prison. [*Austin*, 191 Mich App at 469-470.]

In *Weaver*, p 1, the defendant was convicted of three counts of CSC-III. Although his recommended minimum sentencing guidelines range was 7 to 10 years, the court sentenced the defendant to three concurrent one-year jail terms. *Id*. This Court vacated the sentence and remanded for resentencing, reasoning:

> The trial court's one-year jail term for defendant's felony convictions is invalid because an indeterminate sentence is required for a CSC conviction. See MCL 769.8; *People v Frank*, 155 Mich App 789, 791; 400 NW2d 718 (1986). In addition, it was improper for the trial court to mandate that defendant serve his three concurrent one-year terms in county jail. Because the maximum penalty required by law for CSC-3 is fifteen years, defendant was required to serve his sentence in a state prison. *Id*. [*Weaver*, p 1.]

The prosecution in this case also relied on the unpublished case of *People v Tyrpin*, unpublished per curiam opinion of the Court of Appeals, issued April 15, 2003 (Docket No. 243603). In *Tyrpin*, the defendant was convicted of CSC-IV and CSC-III and received a one-year jail sentence for his CSC-III conviction. The prosecution challenged that definite term of

incarceration under MCL 769.8(1). *Tyrpin*, p 1. This Court vacated the sentence and remanded for resentencing.

> Defendant was convicted under the third-degree CSC statute, which provides that CSC "in the third degree is a felony punishable by imprisonment for not more than 15 years." MCL 750.520d(2). This was defendant's first felony conviction. Under the indeterminate sentence act, MCL 769.8, 769.9, defendant must be sentenced on an indeterminate basis, with the sentencing judge setting both the minimum and maximum terms of imprisonment. See [*Austin*, 191 Mich App at 469]; see, also, *People v Kelly*, 186 Mich App 524, 529; 465 NW2d 569 (1990). Here, the trial court did not set minimum and maximum terms of imprisonment but, instead, rendered a definite one-year jail term in violation of the indeterminate sentencing act; therefore, resentencing is required. [*Tyrpin*, pp 1-2.]

In *Frank*, 155 Mich App at 790, the case relied upon by *Weaver*, the defendant was convicted of three counts of CSC and was sentenced to concurrent terms of 5 to 15 years' imprisonment. The defendant urged "that he could have been sentenced to 'straight time' in the county jail." *Id*. at 791. This Court rejected that proposition under MCL 769.8. This Court focused only on the maximum term, which required the sentence to be served in prison. *Frank*, 155 Mich App at 791.

Ultimately, all these cases support that under the advisory sentencing guidelines, a defendant convicted of CSC-III must be sentenced to an indeterminate term.

To summarize, the indeterminate sentencing statute, MCL 769.8(1), requires a court to impose an indeterminate sentence with a minimum and a maximum term when a defendant is convicted for a first-time felony and the violated statute provides for imprisonment in a state prison. A court may depart from the recommended minimum guidelines range as provided in MCL 769.34(3)(a). But a court is limited in the departure sentence it may impose. MCL 771.1(1) precludes the court from imposing a probationary sentence for a defendant convicted of CSC-III. MCL 769.34(4)(c) limits the imposition of an "intermediate sanction" by right to situations where the low end of the defendant's minimum sentencing guidelines range is below 12 months.

In this case, Pinson's minimum sentencing guidelines range was 21 to 35 months. Accordingly, Pinson did not have a statutory right to an intermediate sanction. The trial court was entitled to depart from the guidelines range, but still must impose an indeterminate sentence. Accordingly, the trial court erred in arguing that it would have been entitled to sentence Pinson to a jail term had his offense and prior record variables been lower, placing him in a straddle cell in the Class B offense grid. Rather, the court was required to impose a minimum and maximum sentence, either within or outside of the recommended sentencing guidelines range.

We vacate Pinson's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel