# Order

Michigan Supreme Court
Lansing, Michigan

December 30, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151194

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

AARON LEE KEEFE,
          Defendant-Appellant.

SC:  151194
COA:  324910
Livingston CC:  14-021878-FC

_____/

On order of the Court, the application for leave to appeal the January 21, 2015 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur with the order denying leave to appeal.  However, I write separately to call to the attention of the Legislature what I believe may be the effective nullification of its mandatory minimum sentence for certain first-degree criminal sexual conduct (CSC-I) offenses set forth in MCL 750.520b(2)(b).  This has arisen as a result of a misapprehension of MCL 750.520b(2)(b) in conjunction with new criminal sentencing rules articulated by the United States Supreme Court in *Alleyne v United States*, 570 US ___, ___; 133 S Ct 2151, 2162 (2013); it is also a result considerably different from that which might arise from a typical plea negotiation.

Defendant engaged in sexual penetrations with the victim between September 2006 and September 2009.  At that time, defendant was between the ages of 17 and 20 and the victim was between the ages of 5 and 8.  The prosecutor charged defendant with four counts of CSC-I, MCL 750.520b(1)(a) ("A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and . . . [t]hat other person is under 13 years of age."), and notified defendant that he was subject to a 25-year mandatory minimum sentence pursuant to MCL 750.520b(2)(b) (stating that CSC-I "committed by an individual 17 years of age or older against an individual less than 13 years of age [is punishable] by imprisonment for life or any term of years, but not less than 25 years").  At a pretrial hearing, defendant agreed to plead guilty to two counts of CSC-I in exchange for the prosecutor's agreement to drop the remaining two counts and to charge what she described as "basically a lesser of count one and two. . . . [T]he difference is it's not with the added element of the defendant being over the age of 17."  Put simply, the prosecutor orally amended the charges to reduce the severity of the CSC-I counts to which defendant was pleading guilty by dropping the

"added element"-- this being the threshold age of 17 set forth in MCL 750.520b(2)(b)-- which would result in defendant's no longer being subject to the mandatory minimum sentence. The trial court then accepted defendant's guilty plea, and he was sentenced to concurrent prison terms of *23* to 50 years for the two CSC-I convictions. MCL 750.520b(2)(a) (stating that except as otherwise provided, "[c]riminal sexual conduct in the first degree is a felony punishable . . . by imprisonment for life or for any term of years").

There are four degrees of criminal sexual conduct: CSC-I, MCL 750.520b; second-degree criminal sexual conduct, MCL 750.520c; third-degree criminal sexual conduct, MCL 750.520d; and fourth-degree criminal sexual conduct, MCL 750.520e. See *People v Smith*, 425 Mich 98, 114 n 11 (1986) (explaining that 1974 PA 266 "redefined the offense [of rape] as criminal sexual conduct of four degrees of seriousness"). In this case, as defendant acknowledged at the hearing, he committed the most serious degree of criminal sexual conduct offense, CSC-I, because he engaged in sexual penetration with another person "under 13 years of age." MCL 750.520b(1)(a). And because those CSC-I offenses were "committed by an individual 17 years of age or older against an individual less than 13 years of age," they were punishable by "not less than 25 years." MCL 750.520b(2)(b). Furthermore, MCL 769.34(2)(a) provides that "[i]f a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections," such as here, "the court *shall* impose sentence in accordance with that statute." (Emphasis added.) Accordingly, in my view, MCL 750.520b(2)(b) was clearly designed by the Legislature to operate, as with any other mandatory minimum sentence, as a *limitation* on the trial court's sentencing discretion when CSC-I is "committed by an individual 17 years of age or older against an individual less than 13 years of age."

Indeed, that is the fundamental purpose of a mandatory minimum sentence-- to statutorily communicate on behalf of the people the Legislature's intention that with regard to a particular criminal circumstance the Legislature is unwilling to defer to the discretion of the trial court but wishes instead to ensure that a sentence of a specific minimum length be imposed. It is thus not the difference between a 23-year sentence, as here, and a 25-year sentence that is principally at issue, but the difference between a sentence that is determined by the Legislature and one that is determined by the trial court, even when the latter sentence has met with the approval of both the prosecutor and the defendant. If a 23-year sentence may be imposed instead of the statutory minimum, then so too may a 13-year sentence or a 3-year sentence, and as a result the criminal punishments of the Legislature be disregarded.

These propositions are all fundamental and well established under our laws. "[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436 (2001). And regardless of whether a criminal punishment is viewed favorably in a particular case by

the court, the prosecutor, or the defendant, that policy may only be altered by the Legislature itself. *People v Morris*, 80 Mich 634, 637 (1890) ("[T]he policy of the law . . . belongs to the Legislature, which is composed of representatives direct from the people, and who alone have the right to voice the sentiments of the people in the public enactments."); *People v Coles*, 417 Mich 523, 538 (1983) ("[T]he people of this state, through their elected legislative representatives, are the appropriate ones to determine what specific punishment a defendant should receive for the conviction of a given crime."), overruled in part on other grounds by *People v Milbourn*, 435 Mich 630 (1990).

Notwithstanding that MCL 750.520b(2)(b) was intended by the Legislature to limit the trial court's *sentencing discretion* when CSC-I is "committed by an individual 17 years of age or older against an individual less than 13 years of age," both the parties and the trial court here effectively treated MCL 750.520b(2)(b) as establishing a *separate degree* of criminal sexual conduct with an aggravated punishment, one that is nowhere found within the statutory scheme. That separate degree of criminal sexual conduct was ostensibly CSC-I committed by an individual "engag[ing] in sexual penetration with another person . . . under 13 years of age," with the *added element* that the defendant be "an individual 17 years of age or older." This separate degree was punishable not "by imprisonment for life or for any term of years," MCL 750.520b(2)(a), but instead "by imprisonment for life or any term of years, but not less than 25 years," MCL 750.520b(2)(b). Because counsel and the trial court (erroneously in my view) treated MCL 750.520b(2)(b) as establishing a separate degree of criminal sexual conduct with an aggravated punishment, defendant was able to plead guilty to a presumably "lesser offense" of CSC-I without the "added element" set forth in MCL 750.520b(2)(b) and therefore avoid the 25-year mandatory minimum sentence for his offense.

I am troubled by this application of MCL 750.520b(2)(b). There are only four degrees of criminal sexual conduct, and CSC-I is "defined as sexual penetration with another person accompanied by any one of some eight circumstances. MCL 750.520b(1)(a)-(h)." *Smith*, 425 Mich at 114 n 11 (citation omitted). MCL 750.520b(2)(b) cannot *itself* constitute a separate degree of criminal sexual conduct because there are only four degrees of that offense. Nor can MCL 750.520b(2)(b) constitute a ninth circumstance under which CSC-I may be committed because there are only eight such circumstances (some of which may be committed by alternate means), listed in MCL 750.520b(1)(a) to (h). Because MCL 750.520b(2)(b) can neither constitute a separate degree of criminal sexual conduct nor be a ninth circumstance under which CSC-I may be committed, the only proper effect of MCL 750.520b(2)(b) within the scheme set forth by MCL 750.520b is as a limitation on the trial court's sentencing discretion when CSC-I is "committed by an individual 17 years of age or older against an individual less than 13 years of age." And almost certainly, that is *exactly* what the Legislature intended MCL 750.520b(2)(b) to mean. This intention was undermined here because the prosecutor instead employed the mandatory minimum as mere leverage in a plea bargain.

To be clear, I recognize that "plea bargaining [is] 'an essential component of [our] administration of justice'." *People v Killebrew*, 416 Mich 189, 197 (1982), quoting *Santobello v New York*, 404 US 257, 260 (1971). I do not question the prosecutor's prerogative to negotiate lesser charges in the course of a plea bargain. In my view, however, the plea bargain cannot be allowed to supersede the Legislature's determination that a particular criminal offense is punishable by a mandatory minimum sentence. Because the commission of CSC-I here was sufficiently established by defendant's guilty plea, and because defendant was over the age of 17 while the victim was under the age of 13 when the offense was committed, the 25-year mandatory minimum *should* have applied to his sentence.

In the final analysis, I concur with the Court's order denying leave because the United States Supreme Court held in *Alleyne*, 570 US at ___; 133 S Ct at 2162, that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." Consequently, because the fact that the CSC-I offenses here were committed by an individual 17 years of age or older aggravated the prescribed punishment, that fact formed a necessary constituent part of a "new offense." And "an information or indictment must contain an averment of every essential element of the crime with which a defendant is charged . . . ." *People v Nyx*, 479 Mich 112, 132 (2007) (opinion by TAYLOR, C.J.). Thus, the fact that defendant was "an individual 17 years of age or older" must have been *alleged* in the information to subject him to the 25-year mandatory minimum under MCL 750.520b(2)(b), and it was not alleged. Instead, the information was orally amended to omit that fact. Accordingly, defendant could not have been made subject to the mandatory minimum sentence. Put simply, as this case illustrates, *Alleyne* has altered the legal environment in which mandatory minimum sentences operate. Whereas they were previously understood as limitations on the *trial court's* sentencing discretion, they now effectively create a *separate degree* of an offense-- here that of criminal sexual conduct-- that may be employed as mere leverage by the prosecutor in the course of plea negotiations. See, e.g., *People v Moore*, 498 Mich ___ (entered December 22, 2015, Docket No. 151406) (denying leave to appeal in a case in which the defendant pleaded guilty of CSC-I involving a perpetrator 17 years of age or older and a victim under the age of 13 and received a 20-year minimum sentence following a plea agreement).

As a result of the practice adopted in this case, there is no longer any real mandatory minimum sentence for the class of criminal sexual conduct offenses at issue--those involving interactions between persons 17 years of age or older and those under the age of 13. Defendant thus has been convicted of CSC-I, he was over the age of 17, his victim was under the age of 13, and yet he has not been sentenced to the mandatory minimum sentence required by the law. I write separately only to call this situation to the attention of the Legislature so that, if it chooses to do so, it might review MCL 750.520b(2)(b) to ascertain whether the outcome of this case is in accordance with its intentions.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 30, 2015



Clerk

s1222