# Order

Michigan Supreme Court
Lansing, Michigan

April 7, 2017

154680

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

KEVIN SCOTT VANRHEE,
        Defendant-Appellant.
_____/

Stephen J. Markman,
*Chief Justice*

Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
*Justices*

SC: 154680
COA: 334003
Allegan CC: 15-019249-FC

On order of the Court, the application for leave to appeal the September 8, 2016 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

        MARKMAN, C.J. (*concurring*)

        For the reasons set forth in my concurring statement in *People v Keefe*, 498 Mich 962 (2015), I believe the trial court erred by accepting a plea agreement between defendant and the prosecutor that purported to allow the court to impose a minimum sentence *below* the 25-year mandatory minimum sentence for a first-degree criminal sexual conduct conviction "committed by an individual 17 years of age or older against an individual less than 13 years of age . . . ." MCL 750.520b(2)(b). I continue to believe that a "plea bargain cannot be allowed to supersede the Legislature's determination that a particular criminal offense is punishable by a mandatory minimum sentence." *Keefe*, 498 Mich at 965. Because MCL 750.520b(2)(b) provides for a mandatory minimum sentence of 25 years for the crime to which defendant pleaded guilty, the trial court did not possess the discretion to impose a minimum sentence less than 25 years, and the trial court erred by concluding that the parties' plea agreement provided it that discretion. See MCL 769.34(2)(a) ("If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court *shall* impose sentence in accordance with that statute.") (emphasis added). However, since the trial court, albeit in an exercise of judicial *discretion*, decided that there were "substantial and compelling" reasons to depart upwardly from the guidelines to sentence defendant to a 25-year minimum sentence, defendant ultimately received the sentence required by MCL 750.520b(2)(b). Accordingly, the trial court's error here was harmless and I concur with the Court's order denying leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 7, 2017



Clerk

p0404