# Order

Michigan Supreme Court
Lansing, Michigan

May 29, 2019

Bridget M. McCormack,
Chief Justice

158746

David F. Viviano,
Chief Justice Pro Tem

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

v

SC: 158746
COA: 339389
Kent CC: 16-011299-FC

GERONIMO LUCAS,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the October 9, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in the order denying leave to appeal. However, I write separately to, once again, "call to the attention of the Legislature what I believe may be the effective nullification of its mandatory minimum sentence for certain first-degree criminal sexual conduct (CSC-I) offenses set forth in MCL 750.520b(2)(b)." *People v Keefe*, 498 Mich 962, 962 (2015) (MARKMAN, J., concurring). In the present case, defendant was alleged to have engaged in penetration with a person under 13 years of age. Prior to trial, defendant waived his right to a jury trial in exchange for the prosecutor's promise not to pursue the 25-year mandatory minimum sentence that is required for a conviction under MCL 750.520b(2)(b). Defendant was subsequently convicted of two counts of CSC-I and was sentenced to two concurrent prison terms of 10 to 30 years, in accordance with the agreement between defendant and the prosecutor. I continue to believe that as a result of prosecutor-defendant agreements such as this one, "there is no longer any real mandatory minimum sentence for the class of criminal sexual conduct offenses at issue—those involving interactions between persons 17 years of age or older and those under the age of 13." *Keefe*, 498 Mich at 965 (MARKMAN, J., concurring). Once again, the Legislature may or may not wish to "review MCL 750.520b(2)(b) to ascertain whether the outcome of this case is in accordance with its intentions." *Id.*



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2019



Clerk

t0522