Markman, J. (concurring).
 

 I concur in the order denying leave to appeal. However, I write separately to, once again, "call to the attention of the Legislature what I believe may be the effective nullification of its mandatory minimum sentence for certain first-degree criminal sexual conduct (CSC-I) offenses set forth in MCL 750.520b(2)(b)."
 
 People v. Keefe
 
 ,
 
 498 Mich. 962
 
 , 962,
 
 872 N.W.2d 688
 
 (2015) ( MARKMAN , J., concurring). In the present case, defendant was alleged to have engaged in penetration with a person under 13 years of age. Prior to trial, defendant waived his right to a jury trial in exchange for the prosecutor's promise not to pursue the 25-year mandatory minimum sentence that is required for a conviction under MCL 750.520b(2)(b). Defendant was subsequently convicted of two counts of CSC-I and was sentenced to two concurrent prison terms of 10 to 30 years, in accordance with the agreement between defendant and the prosecutor. I continue to believe that as a result of prosecutor-defendant agreements such as this one, "there is no longer any real mandatory minimum sentence for the class of criminal sexual conduct offenses at issue-those involving interactions between persons 17 years of age or older and those under the age of 13."
 
 Keefe
 
 ,
 
 498 Mich. at 965
 
 ,
 
 872 N.W.2d 688
 
 ( MARKMAN , J., concurring). Once again, the Legislature may or may not wish to "review MCL 750.520b(2)(b) to ascertain whether the outcome of this case is in accordance with its intentions."
 

 Id.